# Exhibit 1

ELECTRONICALLY FILED
2026 Sep 04 PM 1:58
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2026-CV-002169
PII COMPLIANT

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**

| | | |
|---|---|---|
| RegaloRx, Inc., a Kansas not-for-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. JO-2026-CV-002169<br><br>Division No. 21 |

**AMENDED PETITION**

Plaintiff, RegaloRx, Inc., a Kansas not-for-profit corporation, for its action against Defendants Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company, states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff RegaloRx, Inc. ("**RegaloRx**") is a Kansas not-for-profit corporation with a principal office address located at 9393 W. 110th Street, Suite 120 #36, Overland Park, Kansas 66210.

2. Defendant Alpha Scrip Incorporated ("**Alpha Scrip**") is an Arizona corporation doing business in the state of Kansas with its corporate headquarters located at 5080 N. 40th Street, Suite 339, Phoenix, Arizona 85018.

3. Regalo Health LLC ("**Regalo Health**") is an Arizona limited liability company doing business in the state of Kansas with its corporate headquarters located at 5080 N. 40th Street, Suite 339, Phoenix, Arizona 85018.

4. RegaloRx and Alpha Scrip entered into an Asset Purchase Agreement dated September 27, 2023 (the "**Agreement**"), pursuant to which RegaloRx sold to Alpha Scrip, and Alpha Scrip purchased from RegaloRx, substantially all assets of RegaloRx, and Alpha Scrip assumed certain liabilities of RegaloRx.[1] A true and correct copy of the Agreement is attached as *Exhibit 1*.

5. Pursuant to Section 10.1 of the Agreement, Alpha Scrip can be served through William Kennedy, Jr. at Alpha Scrip, Incorporated, 5080 N. 40th Street, Phoenix, Arizona 85018.

6. On information and belief, Regalo Health can be served through William Kennedy, Jr. at Alpha Scrip, Incorporated, 5080 N. 40th Street, Phoenix, Arizona 85018.

7. Jurisdiction is proper in this Court. Alpha Scrip entered into the Agreement with RegaloRx who, at all relevant times, was a resident of Johnson County, Kansas. The Agreement provides that the parties submit themselves to the jurisdiction of Johnson County, Kansas by stating "Each party: (a) submits to the jurisdiction of any state or federal court sitting in Johnson County, Kansas, in any action or proceeding arising out of or relating to this Agreement or the matters contemplated herein." Ex. 1, Agreement at § 10.8.

8. Venue is proper in this Court pursuant to K.S.A. 60-603 in that at all relevant times, RegaloRx was a resident of Johnson County, Kansas, and the causes of action arose in whole or in part in Johnson County, Kansas. Furthermore, Section 10.8 of the Agreement provides that Johnson County, Kansas is the proper venue.

---

[1] Capitalized terms that are not defined in this Petition are to be given the meaning as defined in the Agreement.

## ALLEGATIONS COMMON TO ALL COUNTS

9. RegaloRx was a Section 501(c)(3) nonprofit organization started for the purpose of providing patented prescription drugs to low-income individuals throughout the United States and its Territories at no cost to the patient (the "**Business**"). These medicines would be provided to RegaloRx by pharmaceutical manufacturers, or their foundations, with whom RegaloRx contracted. RegaloRx received applications from patients, determined the patient's eligibility for the applicable pharmaceutical company's program, and used a mail-order pharmacy to ship the medicines to approved patients.

10. RegaloRx received an inquiry from an entity expressing interest in acquiring the Business. This inquiry prompted RegaloRx to explore the possibility of selling the Business and to widen the search for potential buyers.

11. RegaloRx's search ultimately led to Alpha Scrip. RegaloRx contacted Alpha Scrip to determine if it would be interested in purchasing the Business.

12. Alpha Scrip expressed interest and, on March 14, 2023, RegaloRx and Alpha Scrip entered into a nondisclosure agreement to further discuss and negotiate the potential acquisition and sale of the Business.

13. Alpha Scrip performed extensive due diligence of the Business during the parties' negotiations, and prior to the parties entering into any purchase agreements. This due diligence process lasted over two months and involved the extensive disclosure of information by RegaloRx, including all assets and liabilities of the Business.

***The Parties' Enter the September 27, 2023 Asset Purchase Agreement***

14. Satisfied by its due diligence, Alpha Scrip (Buyer) entered into the Agreement with RegaloRx (Seller) on September 27, 2023 for the purchase of the Business.

15. Through this Agreement, Alpha Scrip acquired substantially all the assets and certain liabilities incurred by RegaloRx in the Business.

16. One of the primary assets acquired was a master services agreement between the Business and the Amgen Safety Net Foundation ("**Amgen**") (hereinafter this agreement is referred to as the "**Amgen Contract**"), the Business' primary customer. The Amgen Safety Net Foundation (ASNF) is a nonprofit patient assistance program established in 2001, sponsored by Amgen, Inc., a publicly traded pharmaceutical manufacturer. Through the Amgen Contract, the Business supplies patients in need with Amgen, Inc.'s pharmaceuticals. Amgen pays the Business for its efforts. These payments create revenue for the Business.

17. Alpha Scrip agreed to pay $6,000,000.00 Cash Consideration, a Post-Closing Working Capital Consideration Adjustment, and certain Earn-Out Payments to RegaloRx in exchange for the Business' assets. Ex. 1, Agreement at § 1.5.

18. The Agreement requires Alpha Scrip to make a series of up to eight (8) annual Earn-Out Payments, each consisting of 10.8% of the gross revenue earned from the Amgen Contract ("**Amgen Gross Revenue**") for the defined Earn-Out Period. Ex. 1, Agreement at § 1.7. Alpha Scrip's obligation to make annual Earn-Out Payments continues until the expiration of the Earn-Out Period.

19. The Earn-Out Period is defined as up to eight years after the Closing Date, or until such time as the Amgen Contract is terminated, other than by Alpha Scrip without Good Reason. Ex. 1, Agreement at § 1.7.(a), (d)(i).

20. The Agreement requires that, within 60 days after the end of each Earn-Out Period, Alpha Scrip must make a good faith determination of the Amgen Gross Revenue for each Earn-

Out Period and provide written notice to RegaloRx of the calculations ("**Earn-Out Notice**"). Ex. 1, Agreement at § 1.7(b)

21. Based on the September 29, 2023 Closing Date, the Agreement requires Alpha Scrip to provide Earn-Out Notices and make Earn-Out Payments to RegaloRx according to the following schedule:

| **Earn-Out Period** | **Date Range** | **Earn-Out Notice Due** | **Earn-Out Payment Due** |
|---|---|---|---|
| First Earn-Out Period | October 1, 2023 to December 31, 2023 | February 29, 2024 | March 31, 2026 |
| Second Earn-Out Period | January 1, 2024 to December 31, 2024 | March 1, 2025 | June 30, 2025 |
| Third Earn-Out Period[2] | January 1, 2025 to December 31, 2025 | March 1, 2026 | March 31, 2026 |
| Fourth Earn-Out Period | January 1, 2026 to December 31, 2026 | March 1, 2027 | March 31, 2027 |
| Fifth Earn-Out Period | January 1, 2027 to December 31, 2027 | February 29, 2028 | March 30, 2028 |
| Sixth Earn-Out Period | January 1, 2028 to December 31, 2028 | March 1, 2029 | March 31, 2029 |
| Seventh Earn-Out Period | January 1, 2029 to December 31, 2029 | March 1, 2030 | March 31, 2030 |
| Eighth Earn-Out Period | January 1, 2030 to December 31, 2030 | March 1, 2031 | March 31, 2031 |

***Alpha Scrip's Failure to Provide the Earn-Out Notices and Make the Earn-Out Payments Required by Section 1.7 of the Agreement.***

22. Alpha Scrip was required to provide the First Earn-Out Notice to RegaloRx no later than February 29, 2024. Alpha Scrip failed to send the First Earn-Out Notice by this deadline and has not provided the First Earn-Out Notice required by the Agreement.

23. The First Earn-Out Payment was due on or before March 31, 2026. To date, Alpha Scrip has failed to make the First Earn-Out Payment.

[2] The Agreement refers to the Third through Eighth Earn-Out Periods as the "Remaining Earn-Out Period." Ex. 1, Agreement at § 1.7(a).

24. Alpha Scrip was required to provide the Second Earn-Out Notice to RegaloRx no later than March 1, 2025. Alpha Scrip failed to send the Second Earn-Out Notice by this deadline and has not provided the Second Earn-Out Notice required by the Agreement.

25. The Second Earn-Out Payment was due on or before June 30, 2025. To date, Alpha Scrip has failed to make the Second Earn-Out Payment.

26. Alpha Scrip was required to provide the Third Earn-Out Period Notice on or before March 1, 2026. Alpha Scrip has not provided the Third Earn-Out Notice.

27. The Third Earn-Out Payment was due on or before March 31, 2026. To date, Alpha Scrip has failed to make the Third Earn-Out Payment.

28. Based on Alpha Scrip's pattern of performance and its representations, RegaloRx is of the information and belief that Alpha Scrip does not intend to provide Earn-Out Notices or to make Earn-Out Payments for the Remaining Earn-Out Periods.

***RegaloRx's Demand for Performance***

29. On May 9, 2025, RegaloRx made a demand to Alpha Scrip requesting the Earn-Out Notices for the First Earn-Out Period and Second Earn-Out Period. A true and correct copy of the May 9, 2025 demand is attached as *Exhibit 2*.

30. Alpha Scrip failed to provide the overdue Earn-Out Notices or otherwise respond to RegaloRx's May 9, 2025 demand.

31. On August 19, 2025, RegaloRx again made a demand to Alpha Scrip, this time through counsel, requesting the Earn-Out Notices for the First Earn-Out Period and Second Earn-Out Period, and payment of the Second Earn-Out Payment. A true and correct copy of the August 19, 2025 demand is attached as *Exhibit 3*.

32. Alpha Scrip responded on or around September 5, 2025. In that response, Alpha Scrip denied that it was obligated to make the Earn-Out Payments set forth in Section 1.7 of the Agreement.

33. Alpha Scrip eventually provided what it represented to be "revenue numbers" on November 21, 2025. The calculations provided were not represented as Earn-Out Notices and did not set out "Buyer's calculation of the Earn-Out Payment in reasonable detail," as the Agreement requires.

34. Nonetheless, the revenue numbers provided by Alpha Scrip demonstrate that Alpha Scrip earned Amgen Gross Revenue and owes Earn-Out Payments under Section 1.7 of the Agreement.

35. Alpha Scrip also provided revenue calculations for the first nine (9) months of the Third Earn-Out Period. Those numbers showed that Alpha Scrip earned Amgen Gross Revenue and would owe an Earn-Out Payment for the Third Earn-Out Period.

36. There have been no events that would excuse Alpha Scrip's performance under the Agreement. Specifically, the Amgen Contract is still in place and Alpha Scrip is still contractually obligated to provide RegaloRx with Earn-Out Notices and to make Earn-Out Payments to RegaloRx.

***Alpha Scrip Purports to Assign its Rights Under the Agreement***

37. On November 21, 2025, Alpha Scrip sent a Notice of Assignment to RegaloRx purporting to assign its rights and obligations under the Agreement (the "**Assignment**") to Regalo Health. A true and correct copy of the Notice of Assignment is attached as *Exhibit 4*.

38. When RegaloRx received the November 21, 2025 purported Assignment, RegaloRx did not take any affirmative actions to consent to the Assignment.

39. While RegaloRx did not object to the Assignment of rights, RegaloRx has not consented to any delegation of Alpha Scrip's past or continuing obligations under the Agreement. RegaloRx has never accepted Regalo Health as the obligor in place of Alpha Scrip and RegaloRx has never extinguished Alpha Scrip's obligations under the Agreement. Alpha Scrip's obligations under the Agreement remain because there has been no agreement, express or implied, to release Alpha Scrip from its obligations under the Agreement, including but not limited to, providing Earn-Out Notices and making Earn-Out Payments.

40. Alpha Scrip currently owes RegaloRx the Earn-Out Notices and the corresponding Earn-Out Payments for the First, Second, and Third Earn-Out Periods. Alpha Scrip has future obligations to provide the Earn-Out Notices and make the Earn-Out Payments for the Remaining Earn-Out Periods. These obligations are not erased by the Assignment.

**COUNT I – BREACH OF CONTRACT**
**(Against Alpha Scrip)**

41. RegaloRx incorporates the allegations contained in Paragraphs 1 through 40 above as if fully set forth herein.

42. Pursuant to the terms of the Agreement, RegaloRx is entitled to receive timely Earn-Out Notices and Earn-Out Payments.

43. Alpha Scrip has breached the Agreement, among other things, by failing to provide RegaloRx with timely Earn-Out Notices, with an Earn-Out Notice for the Third Earn-Out Period, and by failing to make Earn-Out Payments as provided in the Agreement.

44. Alpha Scrip's obligations to provide the Earn-Out Notices and make the Earn-Out Payments have not been relieved or discharged in any way.

45. As a direct and proximate cause of Alpha Scrip's breaches, RegaloRx has been damaged.

WHEREFORE, Plaintiff RegaloRx, Inc. prays for judgment against Defendant Alpha Scrip, Incorporated, on Count I, in an amount in excess of $75,000.00, the exact amount to be determined at trial, for the Earn-Out Payments due and owing under the Agreement, for prejudgment and post judgment interest, for the costs of this action, its reasonable attorneys' fees and expenses incurred in enforcing the Agreement, and such other and further relief as the Court deems just and equitable.

**COUNT II – BREACH OF CONTRACT**
**(Against Regalo Health)**

46. RegaloRx incorporates the allegations contained in Paragraphs 1 through 45 above as if fully set forth herein.

47. Count II is being pled in the alternative should the Assignment be determined to delegate or excuse any of RegaloRx's obligations under the Agreement.

48. If the purported Assignment is valid, Regalo Health, as the assignee and new obligor for the obligations under the Agreement, also owes Earn-Out Notices and Earn-Out Payments to RegaloRx.

49. Based on the November 21, 2025 Assignment date, Regalo Health was obligated to provide the Earn-Out Notice for the Third Earn-Out Period by March 1, 2026, and to make the Earn-Out Payments for the Third Earn-Out Period and the First Earn-Out Period by March 31, 2026.

50. Regalo Health has breached the Agreement, among other things, by failing to provide RegaloRx with the Earn-Out Notice for the Third Earn-Out Period and by failing to make the Earn-Out Payments for the First and Third Earn-Out Periods.

51. Regalo Health's obligations to provide the Earn-Out Notices and Earn-Out Payments—which Regalo Health incurred through the purported Assignment—have not been relieved or discharged in any way.

52. As a direct and proximate cause of Regalo Health's breaches, RegaloRx has been damaged.

WHEREFORE, Plaintiff RegaloRx, Inc. prays for judgment against Defendant Regalo Health LLC, on Count II, in an amount in excess of $75,000.00, the exact amount to be determined at trial, for the Earn-Out Payments due and owing under the Agreement, for prejudgment and post judgment interest, for the costs of this action, its reasonable attorneys' fees and expenses incurred in enforcing the Agreement, and such other and further relief as the Court deems just and equitable.

## COUNT III – ACCOUNTING
## (Against Alpha Scrip and Regalo Health)

53. RegaloRx incorporates the allegations contained in Paragraphs 1 through 52 above as if fully set forth herein.

54. RegaloRx and Alpha Scrip agreed upon Earn-Out Payments to be made as part of the consideration for the asset sale. The terms for such Earn-Out Payments are set forth in the Agreement and in Paragraphs 18 through 21 of this Petition.

55. RegaloRx has a right to the reporting for the Amgen Gross Revenues pursuant to Section 1.7 of the Agreement. The amounts of any Earn-Out Payments due to RegaloRx are based on such Amgen Gross Revenues.

56. In order to determine the Earn-Out Payments to which RegaloRx is entitled, RegaloRx needs access to the accounting for the Amgen Gross Revenues.

57. RegaloRx is unaware and uncertain of the balances due to it for the relevant Earn-Out Payments because either the Earn-Out Notices have not been provided or the provided revenue

numbers lack the reasonable detail required under Section 1.7(b) of the Agreement to ascertain and make certain the amounts due for each Earn-Out Period.

58. RegaloRx is entitled to reasonable proof and detail regarding the amount of and method of calculation of Amgen Gross Revenues.

59. As a result of Alpha Scrip's and Regalo Health's acts and omissions, RegaloRx is unable to determine the extent of Earn-Out Payment funds owed to it for the relevant Earn-Out Periods.

WHEREFORE, Plaintiff RegaloRx, Inc. seeks an accounting of Defendant Alpha Scrip Incorporated's and Defendant Regalo Health LLC's accounts to determine the amounts due for the relevant Earn-Out Periods, and such other and further relief as the Court deems just and equitable.

**COUNT IV – QUANTUM MERUIT**
**(Against Alpha Scrip)**

60. RegaloRx incorporates the allegations contained in Paragraphs 1 through 59 above as if fully set forth herein.

61. RegaloRx sold substantially all of its assets in exchange the consideration set forth in the Agreement, including but not limited to, the Earn-Out Payments.

62. Alpha Scrip has knowledge of and has appreciated the benefit conferred by RegaloRx in selling the Business.

63. Alpha Scrip accepted and retained such benefit from RegaloRx without paying it in full, including Alpha Scrip's failure to make Earn-Out Payments.

64. RegaloRx has demanded payment for the Earn-Out Payments due and owing, and Alpha Scrip has refused to make payment.

65. RegaloRx is entitled to the reasonable value of its Earn-Out Payments, for which payment has not been made.

66. As a direct and proximate cause of Alpha Scrip's failure to make payment of the relevant Earn-Out Payments, RegaloRx has been damaged.

WHEREFORE, Plaintiff RegaloRx, Inc. prays for judgment against Defendant Alpha Scrip, Incorporated, on Count IV in an amount in excess of $75,000.00, an exact amount to be determined at trial for the Earn-Out Payment amounts to be paid as provided in the Agreement, at a rate of 10.8% of the total Amgen Gross Revenue, for prejudgment and post judgment interest, for the costs of this action, its reasonable attorneys' fees and expenses incurred in enforcing the Agreement, and such other and further relief as the Court deems just and equitable.

**COUNT V – QUANTUM MERUIT**
**(Against Regalo Health)**

67. RegaloRx incorporates the allegations contained in Paragraphs 1 through 66 above as if fully set forth herein.

68. Through the purported Assignment, Regalo Health has knowledge of and has appreciated the benefit conferred by RegaloRx in selling the Business.

69. Regalo Health accepted and retained such benefit from RegaloRx without making the Earn-Out Payments for the First Earn-Out Period and the Third Earn-Out Period, both of which became due after the purported Assignment.

70. Regalo Health further accepted and retained the benefit of the Business without making the Second Earn-Out Payment, which was due and unpaid at the time of the Assignment.

71. RegaloRx is entitled to the reasonable value of the Earn-Out Payments

72. As a direct and proximate cause of Regalo Health's failure to make payment of the Earn-Out Payments, RegaloRx has been damaged.

WHEREFORE, Plaintiff RegaloRx, Inc. prays for judgment against Defendant Regalo Health LLC, on Count V in an amount in excess of $75,000.00, an exact amount to be determined

at trial for the Earn-Out Payments the Earn-Out Payments due and owing as provided in the Agreement, for prejudgment and post judgment interest, for the costs of this action, its reasonable attorneys' fees and expenses incurred in enforcing the Agreement, and such other and further relief as the Court deems just and equitable.

**COUNT VI – DECLARATORY RELIEF**
**(Against Alpha Scrip and Regalo Health)**

73. RegaloRx incorporates the allegations contained in Paragraphs 1 through 72 above as if fully set forth herein.

74. This action presents a justiciable controversy as to:

a. whether the Earn-Out Notices due to RegaloRx have been provided;

b. the continuing obligation to provide Earn-Out Notices through the remainder of the Earn-Out Period;

c. the Earn-Out Payments due to RegaloRx and the amount of those payments;

d. the continuing obligation to provide Earn-Out Notices through the remainder of the Earn-Out Period;

e. whether the purported Assignment delegates of Alpha Scrip's obligations under the Agreement and, if so, to what extent; and

f. the extent of Regalo Health's obligations under the Agreement.

75. Pursuant to K.S.A. 60-1701 this Court has the power to declare the rights, status, and other legal relations between RegaloRx, Alpha Scrip and Regalo Health.

76. RegaloRx's rights, status, and other legal relations are affected by Alpha Scrip's refusal to deliver the Earn-Out Notices and to make the Earn-Out Payments as provided for in the Agreement. RegaloRx requests a declaration from the Court ordering Alpha Scrip to comply with

the terms of the Agreement by providing Earn-Out Notices and making the owing Earn-Out Payments accrued under the Agreement and the continuing obligation to provide Earn-Out Notices and make Earn-Out Payments for the remainder of the Earn-Out Period.

77. RegaloRx's rights, status, and other legal relations are affected by the purported Assignment. RegaloRx requests a declaration from the Court determining that the Assignment does not delegate Alpha Scrip's obligations under the Agreement, including but not limited to, the obligation to deliver the relevant Earn-Out Notices and make the relevant Earn-Out Payments for the entire Earn-Out Period.

78. Should the Court determine the Assignment delegates some or all of Alpha Scrip's obligations under the Agreement, RegaloRx's rights, status, and other legal relations are affected by Regalo Health's refusal to deliver the Earn-Out Notices and to pay the Earn-Out Payments as provided for in the Agreement. RegaloRx requests a declaration from the Court ordering Regalo Health comply with the terms of the Agreement, including but not limited to the obligations to deliver the relevant Earn-Out Notices and make the relevant Earn-Out Payments for the entire Earn-Out Period.

WHEREFORE, Plaintiff RegaloRx, Inc. prays that the Court enforce the Agreement; order Alpha Scrip provide the Earn-Out Notices currently due under the Agreement and order that Alpha Scrip must provide future Earn-Out Notices in accordance with the Agreement; award damages, interest, costs, and attorneys' fees to RegaloRx in the amount of the Earn-Out Payments due and owing under the Agreement; order that Alpha Scrip provide timely Earn-Out Notices and make Earn-Out Payments for the remainder of the Earn-Out Period, and that such obligations have not been delegated or excused or, in the alternative, order that Regalo Health comply with the terms of the Agreement, including providing timely Earn-Out Notices and making timely Earn-Out

Payments; award RegaloRx its reasonable fees and expenses, and enter such other and further relief as the Court deems just and equitable.

**COUNT VII – RELIEF FROM FRAUDULENT TRANSFER**
**(Against Alpha Scrip)**

79. RegaloRx incorporates the allegations contained in Paragraphs 1 through 78 above as if fully set forth herein.

80. Kansas has adopted the Uniform Fraudulent Transfer Act ("**Act**") which is codified in K.S.A. 33-201 *et. seq.*

81. As defined in K.S.A. 33-201(c), RegaloRx has a Claim for payment against Alpha Scrip for the Earn-Out Payments because a Claim for payment arises when a party has "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured."

82. RegaloRx has a right to the Earn-Out Payments by the express terms of the Agreement.

83. RegaloRx is a Creditor as defined by the Act because it is a party "who has a Claim."

84. Alpha Scrip is a Debtor as defined by the Act because it is a party "who is liable on a Claim."

85. RegaloRx conveyed its Claim and right to payment to Alpha Scrip on several occasions, including in its May 9, 2025 and August 19, 2025 demand letters to Alpha Scrip.

86. Alpha Scrip was aware of the obligations under the Agreement to deliver timely Earn-Out Notices and to make the Earn-Out Payments, RegaloRx's rights under the Agreement, and of RegaloRx's Claim.

87. Alpha Scrip acknowledged RegaloRx's Claim in its September 5, 2025, response to RegaloRx's demand.

88. Despite acknowledging RegaloRx's Claim, on November 21, 2025, Alpha Scrip purported to assign its obligations and rights under the Agreement to Alpha Scrip's affiliate, Regalo Health through the Assignment.

89. This attempted Assignment constitutes a Transfer under the Act as a Transfer is defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." K.S.A. 33-201(l).

90. On information and belief, Alpha Scrip's Transfer attempted to dispose and part with its obligations under the Agreement, while still maintaining other independent assets, by assigning Alpha Scrip's obligations to Regalo Health, an entity which, on information and belief, has no or insufficient assets.

91. On information and belief, Alpha Scrip's Transfer is a fraudulent transfer in that it was made by Alpha Scrip "**actual intent to hinder, delay or defraud**" the Earn-Out Notices and Earn-Out Payments to RegaloRx under the Agreement. K.S.A. 33-204(a).

92. On information and belief, Alpha Scrip's Transfer was made in an attempt to avoid collection of a judgment against Alpha Scrip for its failure to make the Earn-Out Payments which would result in a hinderance or delay for RegaloRx.

93. On information and belief, Alpha Scrip had actual intent when it made the Assignment because the transfer was made to an insider, Alpha Scrip's affiliate, Regalo Health.

94. On information and belief, Alpha Scrip had actual intent when it made the transfer because the Assignment was made after Alpha Scrip had been threatened with suit by RegaloRx for the nonpayment of the Earn-Out Payments and breach of the Agreement.

95. Alpha Scrip's Assignment constitutes a fraudulent transfer because it was a transfer of obligations made with actual intent and in an attempt to avoid its obligations under the Agreement, namely the obligations to deliver Earn-Out Notices and make Earn-Out Payments to RegaloRx.

96. As a direct and proximate cause of Alpha Scrip's fraudulent transfer, RegaloRx has been damaged because it has not received the Earn-Out Payments from Alpha Scrip as required by the Agreement.

97. As a direct and proximate cause of the fraudulent transfer, RegaloRx will continue to be damaged because, on information and belief, Regalo Health lacks sufficient resources and assets to perform the obligations under the Agreement or to pay a judgment for such breach of the Agreement.

WHEREFORE, Plaintiff RegaloRx, Inc. prays for judgment against Defendant Alpha Scrip, Incorporated, on Count VII, in the form of setting aside or voiding the fraudulent transfer to satisfy RegaloRx's Claim, an injunction preventing Alpha Scrip from future transfers of any assets that fulfill its Earn-Out Payment obligations under the Agreement, appoint a receiver to take charge of the Earn-Out Payment obligations and AmGen Gross Revenue, and such other and further relief as the Court deems just and equitable.

*Pursuant to Local Rule 3.7, the undersigned hereby certifies that no portion of this Amended Petition was drafted or prepared using Generative A.I.*

Dated: September 4, 2026

Respectfully submitted,

LATHROP GPM LLP

By: */s/ Carrie E. Josserand*
Curtis L. Tideman KS #13433
Carrie E. Josserand KS #18893
2323 Grand Blvd, Suite 800
Kansas City, MO 64108
Telephone: 816.460.5872
carrie.josserand@lathropgpm.com
curtis.tideman@lathropgpm.com

*Attorneys for Plaintiff RegaloRx, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via this Court's electronic filing system on this 4th day of September, 2026 upon all counsel of record.

*/s/ Carrie E. Josserand*
An Attorney for Plaintiff