# Exhibit 3

ELECTRONICALLY FILED
2026 Aug 13 PM 5:53
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2026-CV-002169
PII COMPLIANT

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**

| | | |
|---|---|---|
| RegaloRx, Inc., a Kansas not-for-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br>Division No. |

**PETITION**

Plaintiff, RegaloRx, Inc., a Kansas not-for-profit corporation, for its action against Defendants Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company, states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff RegaloRx, Inc. ("**RegaloRx**") is a Kansas not-for-profit corporation with a principal office address located at 9393 W. 110th Street, Suite 120 #36, Overland Park, Kansas 66210.

2. Defendant Alpha Scrip Incorporated ("**Alpha Scrip**") is an Arizona corporation doing business in the state of Kansas with its corporate headquarters located at 5080 N. 40th Street, Suite 339, Phoenix, Arizona 85018.

3. Regalo Health LLC ("**Regalo Health"**) is an Arizona limited liability company doing business in the state of Kansas with its corporate headquarters located at 5080 N. 40th Street, Suite 339, Phoenix, Arizona 85018.

4. RegaloRx and Alpha Scrip entered into an Asset Purchase Agreement dated September 27, 2023 (the "**Agreement**"), pursuant to which RegaloRx sold to Alpha Scrip, and Alpha Scrip purchased from RegaloRx, substantially all assets of RegaloRx, and Alpha Scrip assumed certain liabilities of RegaloRx.[1] A true and correct copy of the Agreement is attached as ***Exhibit 1***.

5. Pursuant to Section 10.1 of the Agreement, Alpha Scrip can be served through William Kennedy, Jr. at Alpha Scrip, Incorporated, 5080 N. 40th Street, Phoenix, Arizona 85018.

6. On information and belief, Regalo Health can be served through William Kennedy, Jr. at Alpha Scrip, Incorporated, 5080 N. 40th Street, Phoenix, Arizona 85018.

7. Jurisdiction is proper in this Court. Alpha Scrip entered into the Agreement with RegaloRx who, at all relevant times, was a resident of Johnson County, Kansas. The Agreement provides that the parties submit themselves to the jurisdiction of Johnson County, Kansas by stating "Each party: (a) submits to the jurisdiction of any state or federal court sitting in Johnson County, Kansas, in any action or proceeding arising out of or relating to this Agreement or the matters contemplated herein." Ex. 1, Agreement at § 10.8.

8. Venue is proper in this Court pursuant to K.S.A. 60-603 in that at all relevant times, RegaloRx was a resident of Johnson County, Kansas, and the causes of action arose in whole or in part in Johnson County, Kansas. Furthermore, Section 10.8 of the Agreement provides that Johnson County, Kansas is the proper venue.

---

[1] Capitalized terms that are not defined in this Petition are to be given the meaning as defined in the Agreement.

**ALLEGATIONS COMMON TO ALL COUNTS**

9. RegaloRx was a Section 501(c)(3) nonprofit organization started for the purpose of providing patented prescription drugs to low-income individuals throughout the United States and its Territories at no cost to the patient (the "**Business**"). These medicines would be provided to RegaloRx by pharmaceutical manufacturers, or their foundations, with whom RegaloRx contracted. RegaloRx received applications from patients, determined the patient's eligibility for the applicable pharmaceutical company's program, and used a mail-order pharmacy to ship the medicines to approved patients.

10. RegaloRx received an inquiry from an entity expressing interest in acquiring the Business. This inquiry prompted RegaloRx to explore the possibility of selling the Business and to widen the search for potential buyers.

11. RegaloRx's search ultimately led to Alpha Scrip. RegaloRx contacted Alpha Scrip to determine if it would be interested in purchasing the Business.

12. Alpha Scrip expressed interest and, on March 14, 2023, RegaloRx and Alpha Scrip entered into a nondisclosure agreement to further discuss and negotiate the potential acquisition and sale of the Business.

13. Alpha Scrip performed extensive due diligence of the Business during the parties' negotiations, and prior to the parties entering into any purchase agreements. This due diligence process lasted over two months and involved the extensive disclosure of information by RegaloRx, including all assets and liabilities of the Business.

***The Parties' Enter the September 27, 2023 Asset Purchase Agreement***

14. Satisfied by its due diligence, Alpha Scrip (Buyer) entered into the Agreement with RegaloRx (Seller) on September 27, 2023 for the purchase of the Business.

15. Through this Agreement, Alpha Scrip acquired substantially all the assets and certain liabilities incurred by RegaloRx in the Business.

16. One of the primary assets acquired was a master services agreement between the Business and the Amgen Safety Net Foundation ("**Amgen**") (hereinafter this agreement is referred to as the "**Amgen Contract**"), the Business' primary customer. The Amgen Safety Net Foundation (ASNF) is a nonprofit patient assistance program established in 2001, sponsored by Amgen, Inc., a publicly traded pharmaceutical manufacturer. Through the Amgen Contract, the Business supplies patients in need with Amgen, Inc.'s pharmaceuticals. Amgen pays the Business for its efforts. These payments create revenue for the Business.

17. Alpha Scrip agreed to pay $6,000,000.00 Cash Consideration, a Post-Closing Working Capital Consideration Adjustment, and certain Earn-Out Payments to RegaloRx in exchange for the Business' assets. Ex. 1, Agreement at § 1.5.

18. The Agreement requires Alpha Scrip to make a series of up to eight (8) annual Earn-Out Payments, each consisting of 10.8% of the gross revenue earned from the Amgen Contract ("**Amgen Gross Revenue**") for the defined Earn-Out Period. Ex. 1, Agreement at § 1.7. Alpha Scrip's obligation to make annual Earn-Out Payments continues until the expiration of the Earn-Out Period.

19. The Earn-Out Period is defined as up to eight years after the Closing Date, or until such time as the Amgen Contract is terminated, other than by Alpha Scrip without Good Reason. Ex. 1, Agreement at § 1.7.(a), (d)(i).

20. The Agreement requires that, within 60 days after the end of each Earn-Out Period, Alpha Scrip must make a good faith determination of the Amgen Gross Revenue for each Earn-

Out Period and provide written notice to RegaloRx of the calculations ("**Earn-Out Notice**"). Ex. 1, Agreement at § 1.7(b)

21. Based on the September 29, 2023 Closing Date, the Agreement requires Alpha Scrip to provide Earn-Out Notices and make Earn-Out Payments to RegaloRx according to the following schedule:

| Earn-Out Period | Date Range | Earn-Out Notice Due | Earn-Out Payment Due |
|---|---|---|---|
| First Earn-Out Period | October 1, 2023 to December 31, 2023 | February 29, 2024 | March 31, 2026 |
| Second Earn-Out Period | January 1, 2024 to December 31, 2024 | March 1, 2025 | June 30, 2025 |
| Third Earn-Out Period[2] | January 1, 2025 to December 31, 2025 | March 1, 2026 | March 31, 2026 |
| Fourth Earn-Out Period | January 1, 2026 to December 31, 2026 | March 1, 2027 | March 31, 2027 |
| Fifth Earn-Out Period | January 1, 2027 to December 31, 2027 | February 29, 2028 | March 30, 2028 |
| Sixth Earn-Out Period | January 1, 2028 to December 31, 2028 | March 1, 2029 | March 31, 2029 |
| Seventh Earn-Out Period | January 1, 2029 to December 31, 2029 | March 1, 2030 | March 31, 2030 |
| Eighth Earn-Out Period | January 1, 2030 to December 31, 2030 | March 1, 2031 | March 31, 2031 |

***Alpha Scrip's Failure to Provide the Earn-Out Notices and Make the Earn-Out Payments Required by Section 1.7 of the Agreement.***

22. Alpha Scrip was required to provide the First Earn-Out Notice to RegaloRx no later than February 29, 2024. Alpha Scrip failed to send the First Earn-Out Notice by this deadline and has not provided the First Earn-Out Notice required by the Agreement.

23. The First Earn-Out Payment was due on or before March 31, 2026. To date, Alpha Scrip has failed to make the First Earn-Out Payment.

[2] The Agreement refers to the Third through Eighth Earn-Out Periods as the "Remaining Earn-Out Period." Ex. 1, Agreement at § 1.7(a).

24. Alpha Scrip was required to provide the Second Earn-Out Notice to RegaloRx no later than March 1, 2025. Alpha Scrip failed to send the Second Earn-Out Notice by this deadline and has not provided the Second Earn-Out Notice required by the Agreement.

25. The Second Earn-Out Payment was due on or before June 30, 2025. To date, Alpha Scrip has failed to make the Second Earn-Out Payment.

26. Alpha Scrip was required to provide the Third Earn-Out Period Notice on or before March 1, 2026. Alpha Scrip has not provided the Third Earn-Out Notice.

27. The Third Earn-Out Payment was due on or before March 31, 2026. To date, Alpha Scrip has failed to make the Third Earn-Out Payment.

28. Based on Alpha Scrip's pattern of performance and its representations, RegaloRx is of the information and belief that Alpha Scrip does not intend to provide Earn-Out Notices or to make Earn-Out Payments for the Remaining Earn-Out Periods.

***RegaloRx's Demand for Performance***

29. On May 9, 2025, RegaloRx made a demand to Alpha Scrip requesting the Earn-Out Notices for the First Earn-Out Period and Second Earn-Out Period. A true and correct copy of the May 9, 2025 demand is attached as ***Exhibit 2***.

30. Alpha Scrip failed to provide the overdue Earn-Out Notices or otherwise respond to RegaloRx's May 9, 2025 demand.

31. On August 19, 2025, RegaloRx again made a demand to Alpha Scrip, this time through counsel, requesting the Earn-Out Notices for the First Earn-Out Period and Second Earn-Out Period, and payment of the Second Earn-Out Payment. A true and correct copy of the August 19, 2025 demand is attached as ***Exhibit 3***.

32. Alpha Scrip responded on or around September 5, 2025. In that response, Alpha Scrip denied that it was obligated to make the Earn-Out Payments set forth in Section 1.7 of the Agreement.

33. Alpha Scrip eventually provided what it represented to be "revenue numbers" on November 21, 2025. The calculations provided were not represented as Earn-Out Notices and did not set out "Buyer's calculation of the Earn-Out Payment in reasonable detail," as the Agreement requires.

34. Nonetheless, the revenue numbers provided by Alpha Scrip demonstrate that Alpha Scrip earned Amgen Gross Revenue and owes Earn-Out Payments under Section 1.7 of the Agreement.

35. Alpha Scrip also provided revenue calculations for the first nine (9) months of the Third Earn-Out Period. Those numbers showed that Alpha Scrip earned Amgen Gross Revenue and would owe an Earn-Out Payment for the Third Earn-Out Period.

36. There have been no events that would excuse Alpha Scrip's performance under the Agreement. Specifically, the Amgen Contract is still in place and Alpha Scrip is still contractually obligated to provide RegaloRx with Earn-Out Notices and to make Earn-Out Payments to RegaloRx.

***Alpha Scrip Purports to Assign its Rights Under the Agreement***

37. On November 21, 2025, Alpha Scrip sent a Notice of Assignment to RegaloRx purporting to assign its rights and obligations under the Agreement (the "**Assignment**") to Regalo Health. A true and correct copy of the Notice of Assignment is attached as ***<u>Exhibit 4</u>***.

38. When RegaloRx received the November 21, 2025 purported Assignment, RegaloRx did not take any affirmative actions to consent to the Assignment.

39. While RegaloRx did not object to the Assignment of rights, RegaloRx has not consented to any delegation of Alpha Scrip's past or continuing obligations under the Agreement. RegaloRx has never accepted Regalo Health as the obligor in place of Alpha Scrip and RegaloRx has never extinguished Alpha Scrip's obligations under the Agreement. Alpha Scrip's obligations under the Agreement remain because there has been no agreement, express or implied, to release Alpha Scrip from its obligations under the Agreement, including but not limited to, providing Earn-Out Notices and making Earn-Out Payments.

40. Alpha Scrip currently owes RegaloRx the Earn-Out Notices and the corresponding Earn-Out Payments for the First, Second, and Third Earn-Out Periods. Alpha Scrip has future obligations to provide the Earn-Out Notices and make the Earn-Out Payments for the Remaining Earn-Out Periods. These obligations are not erased by the Assignment.

**COUNT I – BREACH OF CONTRACT**
**(Against Alpha Scrip)**

41. RegaloRx incorporates the allegations contained in Paragraphs 1 through 40 above as if fully set forth herein.

42. Pursuant to the terms of the Agreement, RegaloRx is entitled to receive timely Earn-Out Notices and Earn-Out Payments.

43. Alpha Scrip has breached the Agreement, among other things, by failing to provide RegaloRx with timely Earn-Out Notices, with an Earn-Out Notice for the Third Earn-Out Period, and by failing to make Earn-Out Payments as provided in the Agreement.

44. Alpha Scrip's obligations to provide the Earn-Out Notices and make the Earn-Out Payments have not been relieved or discharged in any way.

45. As a direct and proximate cause of Alpha Scrip's breaches, RegaloRx has been damaged.

WHEREFORE, Plaintiff RegaloRx, Inc. prays for judgment against Defendant Alpha Scrip, Incorporated, on Count I, in an amount in excess of $50,000.00, the exact amount to be determined at trial, for the Earn-Out Payments due and owing under the Agreement, for prejudgment and post judgment interest, for the costs of this action, its reasonable attorneys' fees and expenses incurred in enforcing the Agreement, and such other and further relief as the Court deems just and equitable.

**COUNT II – BREACH OF CONTRACT**
**(Against Regalo Health)**

46. RegaloRx incorporates the allegations contained in Paragraphs 1 through 45 above as if fully set forth herein.

47. Count II is being pled in the alternative should the Assignment be determined to delegate or excuse any of RegaloRx's obligations under the Agreement.

48. If the purported Assignment is valid, Regalo Health, as the assignee and new obligor for the obligations under the Agreement, also owes Earn-Out Notices and Earn-Out Payments to RegaloRx.

49. Based on the November 21, 2025 Assignment date, Regalo Health was obligated to provide the Earn-Out Notice for the Third Earn-Out Period by March 1, 2026, and to make the Earn-Out Payments for the Third Earn-Out Period and the First Earn-Out Period by March 31, 2026.

50. Regalo Health has breached the Agreement, among other things, by failing to provide RegaloRx with the Earn-Out Notice for the Third Earn-Out Period and by failing to make the Earn-Out Payments for the First and Third Earn-Out Periods.

51. Regalo Health's obligations to provide the Earn-Out Notices and Earn-Out Payments—which Regalo Health incurred through the purported Assignment—have not been relieved or discharged in any way.

52. As a direct and proximate cause of Regalo Health's breaches, RegaloRx has been damaged.

WHEREFORE, Plaintiff RegaloRx, Inc. prays for judgment against Defendant Regalo Health LLC, on Count II, in an amount in excess of $50,000.00, the exact amount to be determined at trial, for the Earn-Out Payments due and owing under the Agreement, for prejudgment and post judgment interest, for the costs of this action, its reasonable attorneys' fees and expenses incurred in enforcing the Agreement, and such other and further relief as the Court deems just and equitable.

**COUNT III – ACCOUNTING**
**(Against Alpha Scrip and Regalo Health)**

Commented [CJ1]: Add both defendants

53. RegaloRx incorporates the allegations contained in Paragraphs 1 through 52 above as if fully set forth herein.

54. RegaloRx and Alpha Scrip agreed upon Earn-Out Payments to be made as part of the consideration for the asset sale. The terms for such Earn-Out Payments are set forth in the Agreement and in Paragraphs 18 through 21 of this Petition.

55. RegaloRx has a right to the reporting for the Amgen Gross Revenues pursuant to Section 1.7 of the Agreement. The amounts of any Earn-Out Payments due to RegaloRx are based on such Amgen Gross Revenues.

56. In order to determine the Earn-Out Payments to which RegaloRx is entitled, RegaloRx needs access to the accounting for the Amgen Gross Revenues.

57. RegaloRx is unaware and uncertain of the balances due to it for the relevant Earn-Out Payments because either the Earn-Out Notices have not been provided or the provided revenue

numbers lack the reasonable detail required under Section 1.7(b) of the Agreement to ascertain and make certain the amounts due for each Earn-Out Period.

58. RegaloRx is entitled to reasonable proof and detail regarding the amount of and method of calculation of Amgen Gross Revenues.

59. As a result of Alpha Scrip's and Regalo Health's acts and omissions, RegaloRx is unable to determine the extent of Earn-Out Payment funds owed to it for the relevant Earn-Out Periods.

WHEREFORE, Plaintiff RegaloRx, Inc. seeks an accounting of Defendant Alpha Scrip Incorporated's and Defendant Regalo Health LLC's accounts to determine the amounts due for the relevant Earn-Out Periods, and such other and further relief as the Court deems just and equitable.

**COUNT IV – QUANTUM MERUIT**
**(Against Alpha Scrip)**

60. RegaloRx incorporates the allegations contained in Paragraphs 1 through 59 above as if fully set forth herein.

61. RegaloRx sold substantially all of its assets in exchange the consideration set forth in the Agreement, including but not limited to, the Earn-Out Payments.

62. Alpha Scrip has knowledge of and has appreciated the benefit conferred by RegaloRx in selling the Business.

63. Alpha Scrip accepted and retained such benefit from RegaloRx without paying it in full, including Alpha Scrip's failure to make Earn-Out Payments.

64. RegaloRx has demanded payment for the Earn-Out Payments due and owing, and Alpha Scrip has refused to make payment.

65. RegaloRx is entitled to the reasonable value of its Earn-Out Payments, for which payment has not been made.

66. As a direct and proximate cause of Alpha Scrip's failure to make payment of the relevant Earn-Out Payments, RegaloRx has been damaged.

WHEREFORE, Plaintiff RegaloRx, Inc. prays for judgment against Defendant Alpha Scrip, Incorporated, on Count IV in an amount in excess of $50,000.00, an exact amount to be determined at trial for the Earn-Out Payment amounts to be paid as provided in the Agreement, at a rate of 10.8% of the total Amgen Gross Revenue, for prejudgment and post judgment interest, for the costs of this action, its reasonable attorneys' fees and expenses incurred in enforcing the Agreement, and such other and further relief as the Court deems just and equitable.

**COUNT V – QUANTUM MERUIT**
**(Against Regalo Health)**

67. RegaloRx incorporates the allegations contained in Paragraphs 1 through 66 above as if fully set forth herein.

68. Through the purported Assignment, Regalo Health has knowledge of and has appreciated the benefit conferred by RegaloRx in selling the Business.

69. Regalo Health accepted and retained such benefit from RegaloRx without making the Earn-Out Payments for the First Earn-Out Period and the Third Earn-Out Period, both of which became due after the purported Assignment.

70. Regalo Health further accepted and retained the benefit of the Business without making the Second Earn-Out Payment, which was due and unpaid at the time of the Assignment.

71. RegaloRx is entitled to the reasonable value of the Earn-Out Payments

72. As a direct and proximate cause of Regalo Health's failure to make payment of the Earn-Out Payments, RegaloRx has been damaged.

WHEREFORE, Plaintiff RegaloRx, Inc. prays for judgment against Defendant Regalo Health LLC, on Count V in an amount in excess of $50,000.00, an exact amount to be determined

at trial for the Earn-Out Payments the Earn-Out Payments due and owing as provided in the Agreement, for prejudgment and post judgment interest, for the costs of this action, its reasonable attorneys' fees and expenses incurred in enforcing the Agreement, and such other and further relief as the Court deems just and equitable.

**COUNT VI – DECLARATORY RELIEF**
**(Against Alpha Scrip and Regalo Health)**

73. RegaloRx incorporates the allegations contained in Paragraphs 1 through 72 above as if fully set forth herein.

74. This action presents a justiciable controversy as to:

a. whether the Earn-Out Notices due to RegaloRx have been provided;

b. the continuing obligation to provide Earn-Out Notices through the remainder of the Earn-Out Period;

c. the Earn-Out Payments due to RegaloRx and the amount of those payments;

d. the continuing obligation to provide Earn-Out Notices through the remainder of the Earn-Out Period;

e. whether the purported Assignment delegates of Alpha Scrip's obligations under the Agreement and, if so, to what extent; and

f. the extent of Regalo Health's obligations under the Agreement.

75. Pursuant to K.S.A. 60-1701 this Court has the power to declare the rights, status, and other legal relations between RegaloRx, Alpha Scrip and Regalo Health.

76. RegaloRx's rights, status, and other legal relations are affected by Alpha Scrip's refusal to deliver the Earn-Out Notices and to make the Earn-Out Payments as provided for in the Agreement. RegaloRx requests a declaration from the Court ordering Alpha Scrip to comply with

the terms of the Agreement by providing Earn-Out Notices and making the owing Earn-Out Payments accrued under the Agreement and the continuing obligation to provide Earn-Out Notices and make Earn-Out Payments for the remainder of the Earn-Out Period.

77. RegaloRx's rights, status, and other legal relations are affected by the purported Assignment. RegaloRx requests a declaration from the Court determining that the Assignment does not delegate Alpha Scrip's obligations under the Agreement, including but not limited to, the obligation to deliver the relevant Earn-Out Notices and make the relevant Earn-Out Payments for the entire Earn-Out Period.

78. Should the Court determine the Assignment delegates some or all of Alpha Scrip's obligations under the Agreement, RegaloRx's rights, status, and other legal relations are affected by Regalo Health's refusal to deliver the Earn-Out Notices and to pay the Earn-Out Payments as provided for in the Agreement. RegaloRx requests a declaration from the Court ordering Regalo Health comply with the terms of the Agreement, including but not limited to the obligations to deliver the relevant Earn-Out Notices and make the relevant Earn-Out Payments for the entire Earn-Out Period.

WHEREFORE, Plaintiff RegaloRx, Inc. prays that the Court enforce the Agreement; order Alpha Scrip provide the Earn-Out Notices currently due under the Agreement and order that Alpha Scrip must provide future Earn-Out Notices in accordance with the Agreement; award damages, interest, costs, and attorneys' fees to RegaloRx in the amount of the Earn-Out Payments due and owing under the Agreement; order that Alpha Scrip provide timely Earn-Out Notices and make Earn-Out Payments for the remainder of the Earn-Out Period, and that such obligations have not been delegated or excused or, in the alternative, order that Regalo Health comply with the terms of the Agreement, including providing timely Earn-Out Notices and making timely Earn-Out

Payments; award RegaloRx its reasonable fees and expenses, and enter such other and further relief as the Court deems just and equitable.

**COUNT VII – RELIEF FROM FRAUDULENT TRANSFER**
**(Against Alpha Scrip)**

79. RegaloRx incorporates the allegations contained in Paragraphs 1 through 78 above as if fully set forth herein.

80. Kansas has adopted the Uniform Fraudulent Transfer Act ("**Act**") which is codified in K.S.A. 33-201 *et. seq.*

81. As defined in K.S.A. 33-201(c), RegaloRx has a Claim for payment against Alpha Scrip for the Earn-Out Payments because a Claim for payment arises when a party has "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured."

82. RegaloRx has a right to the Earn-Out Payments by the express terms of the Agreement.

83. RegaloRx is a Creditor as defined by the Act because it is a party "who has a Claim."

84. Alpha Scrip is a Debtor as defined by the Act because it is a party "who is liable on a Claim."

85. RegaloRx conveyed its Claim and right to payment to Alpha Scrip on several occasions, including in its May 9, 2025 and August 19, 2025 demand letters to Alpha Scrip.

86. Alpha Scrip was aware of the obligations under the Agreement to deliver timely Earn-Out Notices and to make the Earn-Out Payments, RegaloRx's rights under the Agreement, and of RegaloRx's Claim.

87. Alpha Scrip acknowledged RegaloRx's Claim in its September 5, 2025, response to RegaloRx's demand.

88. Despite acknowledging RegaloRx's Claim, on November 21, 2025, Alpha Scrip purported to assign its obligations and rights under the Agreement to Alpha Scrip's affiliate, Regalo Health through the Assignment.

89. This attempted Assignment constitutes a Transfer under the Act as a Transfer is defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." K.S.A. 33-201(l).

90. On information and belief, Alpha Scrip's Transfer attempted to dispose and part with its obligations under the Agreement, while still maintaining other independent assets, by assigning Alpha Scrip's obligations to Regalo Health, an entity which, on information and belief, has no or insufficient assets.

91. On information and belief, Alpha Scrip's Transfer is a fraudulent transfer in that it was made by Alpha Scrip "**actual intent to hinder, delay or defraud**" the Earn-Out Notices and Earn-Out Payments to RegaloRx under the Agreement. K.S.A. 33-204(a).

92. On information and belief, Alpha Scrip's Transfer was made in an attempt to avoid collection of a judgment against Alpha Scrip for its failure to make the Earn-Out Payments which would result in a hinderance or delay for RegaloRx.

93. On information and belief, Alpha Scrip had actual intent when it made the Assignment because the transfer was made to an insider, Alpha Scrip's affiliate, Regalo Health.

94. On information and belief, Alpha Scrip had actual intent when it made the transfer because the Assignment was made after Alpha Scrip had been threatened with suit by RegaloRx for the nonpayment of the Earn-Out Payments and breach of the Agreement.

95. Alpha Scrip's Assignment constitutes a fraudulent transfer because it was a transfer of obligations made with actual intent and in an attempt to avoid its obligations under the Agreement, namely the obligations to deliver Earn-Out Notices and make Earn-Out Payments to RegaloRx.

96. As a direct and proximate cause of Alpha Scrip's fraudulent transfer, RegaloRx has been damaged because it has not received the Earn-Out Payments from Alpha Scrip as required by the Agreement.

97. As a direct and proximate cause of the fraudulent transfer, RegaloRx will continue to be damaged because, on information and belief, Regalo Health lacks sufficient resources and assets to perform the obligations under the Agreement or to pay a judgment for such breach of the Agreement.

WHEREFORE, Plaintiff RegaloRx, Inc. prays for judgment against Defendant Alpha Scrip, Incorporated, on Count VII, in the form of setting aside or voiding the fraudulent transfer to satisfy RegaloRx's Claim, an injunction preventing Alpha Scrip from future transfers of any assets that fulfill its Earn-Out Payment obligations under the Agreement, appoint a receiver to take charge of the Earn-Out Payment obligations and AmGen Gross Revenue, and such other and further relief as the Court deems just and equitable.

*Pursuant to Local Rule 3.7, the undersigned hereby certifies that no portion of Petition was drafted or prepared using Generative A.I.*

Dated: August 13, 2026

Respectfully submitted,

LATHROP GPM LLP

By: */s/ Carrie E. Josserand*

Curtis L. Tideman KS #13433
Carrie E. Josserand KS #18893
2323 Grand Blvd, Suite 800
Kansas City, MO 64108
Telephone: 816.460.5872
carrie.josserand@lathropgpm.com
curtis.tideman@lathropgpm.com

*Attorneys for Plaintiff RegaloRx, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via this Court's electronic filing system on this 13th day of August, 2026 upon all counsel of record.

*/s/ Carrie E. Josserand*
An Attorney for Plaintiff

ELECTRONICALLY FILED
2026 Aug 13 PM 5:53
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2026-CV-002169
PII COMPLIANT

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**

| | | |
|---|---|---|
| RegaloRx, Inc., a Kansas not-for-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br>Division No. |

**PLAINTIFF'S MOTION SEEKING LEAVE TO FILE EXHIBIT 1 TO PLAINTIFF'S <u>PETITION UNDER SEAL AND MEMORANDUM IN SUPPORT</u>**

Plaintiff ("RegaloRx"), by and through the undersigned counsel, hereby moves this Court for leave to file Exhibit 1 to Plaintiff's Petition[1] under seal ("Motion"). In support of this Motion, RegaloRx states as follows:

1. Pursuant to K.S.A. 60-2617(b), the Court has the authority to seal Exhibit 1 to Plaintiff's Petition. Filing an exhibit under seal requires an order pursuant to S. Ct. R. 23(4).

2. This case is a dispute between the parties to an Asset Purchase Agreement ("Agreement"), through which Defendant Alpha Scrip purchased the assets of an ongoing business ("Business") from RegaloRx.

3. Because the Agreement contains highly sensitive, proprietary business information, which is private in nature, RegaloRx seeks to file the Agreement, including the exhibits attached (Exhibit 1 to Plaintiff's Petition) under seal.

[1] Plaintiff's Petition is being filed contemporaneously herewith. However, the exhibits appended thereto are not yet being filed as based on counsel's telephone conversation with the District Court Clerk. Such Exhibits will be filed upon the Court's ruling on the Motion and as the Court so orders.

4. The Agreement includes information concerning the assets that were exchanged in the asset sale, including the Business' contract with the Amgen Safety Net Foundation ("Amgen Contract"). The Agreement contains highly confidential information related to the Amgen Contract, including financial information and program requirements, all of which constitute the Amgen Safety Net Foundation's intellectual property. The public disclosure of this information would cause significant and irreparable damage to not only the Amgen Safety Net Foundation, but also the Business as the disclosure of this information would harm the business relationship between the Business and the Amgen Safety Net Foundation.

5. Additionally, the Agreement contains and references industry trade secrets and other confidential and proprietary information which, if it became known to third parties, could cause significant and irreparable damage to the parties.

6. Sealing the Agreement and its exhibits is the proper approach to balance the interests of the parties in light of the strong public interest in access to court records because the public's right to access judicial records is not absolute and can be rebutted by countervailing interests that "heavy outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

7. The district court is left to its own sound discretion to determine whether a record shall be sealed, and this discretion shall be "based on the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599, 98 S.Ct. 1306, 1313 55 L.Ed.2d 570 (1978). Good cause exists for the sealing of the Agreement because there exists a property or privacy interest between the parties, and the Amgen Safety Net Foundation, and a

private harm could result from the disclosure of the Agreement. These interests and potential harms outweigh the public's interest in access to the Agreement.

8. Because of the sheer volume of confidential information found in the Agreement, redaction is not practicable. The parties dispute, however, relates to non-confidential provisions of the Agreement. Those provisions are set forth in the publicly filed Petition.

WHEREFORE, to protect confidential information from public disclosure, Plaintiff RegaloRx, Inc. prays that the Court issue an order pursuant to S. Ct. R. 23(4) granting Plaintiff leave to file Exhibit 1 to Plaintiff's Petition under seal, and for such other and further relief as this Court deems just and proper.

*Pursuant to Local Rule 3.7, the undersigned hereby certifies that no portion of Plaintiff's Motion Seeking Leave to File Exhibit 1 to Plaintiff's Petition Under Seal was drafted or prepared using Generative A.I.*

Dated: August 13, 2026

Respectfully submitted,

LATHROP GPM LLP

By: */s/ Carrie E. Josserand*

Curtis L. Tideman KS #13433
Carrie E. Josserand KS #18893
2323 Grand Blvd, Suite 800
Kansas City, MO 64108
Telephone: 816.460.5872
carrie.josserand@lathropgpm.com
curtis.tideman@lathropgpm.com

*Attorneys for Plaintiff RegaloRx, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via this Court's electronic filing system on this 13th day of August, 2026 upon all counsel of record.

*/s/ Carrie E. Josserand*
An Attorney for Plaintiff

# Exhibit 1

Placeholder for Sealed Exhibit

ELECTRONICALLY FILED
2026 Aug 18 PM 4:23
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2026-CV-002169
PII COMPLIANT

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**

| | | |
|---|---|---|
| RegaloRx, Inc., a Kansas not-for-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company,<br><br>Defendants. | ) | Case No. JO-2026-CV-002169<br>Division No. 21 |

**EXHIBITS 2, 3, AND 4 TO PLAINTIFF'S PETITION**

*Pursuant to Local Rule 3.7, the undersigned hereby certifies that no portion of this document submitting Exhibits 2, 3, and 4 to Plaintiff's Petition was drafted or prepared using Generative A.I.*

Dated: August 18, 2026

Respectfully submitted,

LATHROP GPM LLP

By: */s/ Carrie E. Josserand*

Curtis L. Tideman KS #13433
Carrie E. Josserand KS #18893
2323 Grand Blvd, Suite 800
Kansas City, MO 64108
Telephone: 816.460.5872
carrie.josserand@lathropgpm.com
curtis.tideman@lathropgpm.com

*Attorneys for Plaintiff RegaloRx, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via this Court's electronic filing system on this 18th day of August, 2026 upon all counsel of record.

*/s/ Carrie E. Josserand*
An Attorney for Plaintiff

# EXHIBIT 2

Regalo

11550 Renner Blvd.
Lenexa, KS 66219

PO Box 15566
Lenexa, KS 66285

RegaloRX.org
913.764.5200

May 9, 2025

**VIA EMAIL ONLY:**
William R. Kennedy, Jr., CEO
Alpha Scrip, Incorporated
5080 North 40th Street Phoenix, Arizona 85018
Email: wkennedy@alphascrip.com

Dear Bill,
In doing a quick review of the Asset Purchase Agreement between Alpha Scrip and RegaloRx, I noticed that under section 1.7 (b) the Buyer is to deliver to the Seller no later than sixty (60) days after the end of each earnout period the "Buyer's calculation of the Earn-Out Payment in reasonable detail".

I would appreciate you providing me the Earn-Out Payment calculation for calendar year 2024 (the 2nd Earn-Out Period) which will be due on June 30, 2025. Additionally, please confirm what you show for the 4th quarter of 2023 (the first Earn-Out period) which will be due March 31, 2026.

Sincerely,

Larry Downey
Chairman, RegaloRx, Inc.

**VIA EMAIL ONLY:**
CC: John Welch
Squire Patton Boggs, LLP
2325 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
Email: john.welch@squirepb.com

# EXHIBIT 3

Lathrop GPM

Lathrop GPM LLP
lathropgpm.com

2345 Grand Blvd.
Suite 2200
Kansas City, MO 64108
Main: 816.292.2000

**Carrie Josserand**
carrie.josserand@lathropgpm.com
913.451.5135

August 19, 2025

**Via Email and U.S. Mail**

Alpha Scrip, Incorporated
5080 North 40th Street
Phoenix, Arizona 85018
Attn: R. William Kennedy, Jr.
Email: wkennedy@alphascrip.com

Squire Patton Boggs, LLP
2325 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
Attn: John Welch
Email: john.welch@squirepb.com

Re: Breach of September 27, 2023 Asset Purchase Agreement

Dear Mr. Kennedy:

This firm represents RegaloRx, Inc. ("Seller"). We have been authorized to take all legal measures necessary and appropriate to pursue Seller's rights with respect to breaches of the September 27, 2023 Asset Purchase Agreement ("Agreement") entered into between Seller and Alpha Scrip Incorporated ("Buyer").[1]

It has come to our attention that Buyer has committed material breaches of the Agreement, including the failure to pay Earn-Out Payments and the failure to deliver Buyer's calculation of Earn-Out amounts.

The agreed purchase price for the sale of the Purchased Assets included Earn-Out Payments due to the Seller. Agreement § 1.5(c). The Agreement requires that Buyer pay Seller a percentage (10.8%) of Buyer's total Amgen Gross Revenue for each period during the eight-year Earn-Out Period. Agreement § 1.7.(a). The Agreement further provides that Buyer make a "good faith" determination of the Amgen Gross Revenue for each Earn-Out Period and provide Seller with written notice of these calculations no later than sixty (60) days following the end of each Earn-Out period. Agreement § 1.7.(b).

[1] Capitalized terms in this letter have the meanings assigned to them in the Agreement.

The First Earn-Out Period concluded on December 31, 2023. Agreement § 1.7.(a). Buyer's Earn-Out Notice was due to Seller no later than February 29, 2024. Agreement § 1.7.(c). The Second Earn-Out Period concluded on December 31, 2024. Agreement § 1.7.(a). Buyer's Earn-Out Notice was due to Seller no later than March 1, 2025. Agreement § 1.7.(c). Despite inquiries and demand by Seller, Buyer has yet to provide its Earn-Out Notice for these periods or to provide any justification as to why the required calculations have not been made.

Buyer was obligated to pay the Earn-Out Payment for the Second Earn-Out Period on or before June 30, 2025. To date, no payment has been made and no attempt has been made to explain the lack of payment. Additional Earn-Out Payments are due in accordance with Section 1.7.(c) of the Agreement.

Buyer's failures constitute material breaches of the Agreement, entitling Seller to all remedies available at law and in equity. We remind you that the limitations on indemnification contained in the Agreement, including the Deductible and the Cap (Agreement § 8.8.) do not apply to Buyer's breach of any post-closing Covenant. We further note that the failure to pay amounts payable by one party, including Earn-Out Payments, are not subject to the exclusive remedy provisions set forth in Section 10.10.

Accordingly, Seller hereby demands that Buyer:

> Immediately comply with Section 1.7.(c) of the Agreement and provide good faith calculations of all Earn-Out Payments for the Earn-Out Periods that have been concluded under the Agreement; and
>
> Immediately remit full payment of all amounts owed to Seller for the Second Earn-Out Period as required by Section 1.7(c) of the Agreement.

Unless these steps are taken or other satisfactory arrangements are made within fourteen (14) days of this letter, Seller will proceed to take further legal action against Buyer for these breaches without further notice to Buyer and will pursue claims for all Damages and remedies available to Seller. Seller expressly reserves the right to dispute Buyer's Earn-Out Notice in accordance with the procedures set out in Sections 1.7.(b) and 1.6.(b)(iv) of the Agreement and to demand that any delinquent payment be adjusted after final resolution of any disputed Earn-Out Notice.

Please reach out to me directly if you wish to discuss the matter further.

We look forward to hearing from you soon.

Sincerely,

LATHROP GPM LLP

Carrie E. Josserand

# EXHIBIT 4

SQUIRE
PATTON BOGGS

Squire Patton Boggs (US) LLP
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202

O +1 513 361 1200
F +1 513 361 1201
squirepattonboggs.com

Adam D. Colvin
T +1 513 361 1216
adam.colvin@squirepb.com

November 21, 2025

Lathrop GPM, LLP
2345 Grand Blvd
Kansas City, MO 64108
Attn: Carrie Josserand
Bob Lambrechts
Email: carrie.josserand@lathropgpm.com
bob.lambrechts@lathropgpm.com

RegaloRX, Inc.
251 Waterview Ridge
Sunrise Beach, MO 65079
Attn: Larry Downey
Email: larry_downey1@msn.com

This letter serves as notice that Alpha Scrip Incorporated ("Alpha Scrip") has assigned its rights and obligations under the Asset Purchase Agreement dated September 27, 2023 (the "Purchase Agreement") between Alpha Scrip and RegaloRx, Inc. ("Regalo") to its affiliate Regalo Health, LLC. The assignment is pursuant to Section 10.10 of the Purchase Agreement.

Very truly yours,

Adam D. Colvin
Partner

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**

| | | |
|---|---|---|
| RegaloRx, Inc., a Kansas not-for-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. JO-2026-CV-002169<br>Division No. 21 |

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO DEFENDANT REGALO HEALTH LLC**

Plaintiff RegaloRx, Inc. ("RegaloRx"), by and through counsel, and pursuant to K.S.A. 60-234, propounds to Defendant Regalo Health LLC ("Regalo Health"), the following Request for Production (Set One) as follows:

**DEFINITIONS**

For the purpose of answering these requests, Plaintiff defines the following terms:

(a) "RegaloRx" or "Plaintiff" shall refer to Plaintiff RegaloRx, Inc. as well as all present and former officers, agents, directors, members, and all other persons acting on its behalf.

(b) "You," "Your" or "Regalo Health" means Defendant Regalo Health LLC, as well as all present and former officers, agents, directors, members, and all other persons acting on Your behalf.

(c) "Alpha Scrip" refers to Defendant Alpha Scrip Incorporated as well as all present and former officers, agents, directors, members, and all other persons acting on its behalf.

(d) "Agreement" shall refer to the Asset Purchase Agreement entered into on or around September 27, 2023, between RegaloRx and Alpha Scrip, and attached as Exhibit 1 to Plaintiff's Petition.

(e) "Asset Sale" shall refer to the sale of assets between RegaloRx and Alpha Scrip and memorialized in the Agreement.

(f) "Earn-Out Period" shall refer to the Earn-Out Period as defined in the Agreement and as more specifically as set forth in Section 1.7 of the Agreement.

(g) "Earn-Out Notice" or "Earn-Out Notices" shall refer to the Earn-Out Notices as defined in the Agreement, and more specifically as set forth in Section 1.7 of the Agreement.

(h) "Earn-Out Payment" or "Earn Out Payments" shall refer to the Earn-Out Payments as defined in the Agreement, and as more specifically as set forth in Section 1.7 of the Agreement.

(i) "Amgen Contract" shall refer to the Amgen Safety Net Foundation contract that was exchanged in the Asset Sale.

(j) "Amgen Gross Revenues" shall refer to the gross revenues generated under the Amgen Contract.

(k) "Assignment" shall refer to Alpha Scrip's purported assignment of its rights and obligations under the Agreement to Regalo Health.

(l) The term "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, e-mails, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, and video or audio recordings.

(m) The term "communication" shall mean the act or fact of communicating between or among any person, including telephone conversations, documents and writings, letters, memoranda, notes, summaries, photographs, motion pictures, audiotapes, videotapes, computer telecommunications, electronic mail, text messages, instant messages, or other materials or memorializations of communications or meetings.

(n) "All" means both "all" and "any," and "Any" means both "any" and "all."

(o) The words "relate to" or "relating to" shall mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(p) The word "identify" when used in reference to a document means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*i.e.*, correspondence, memorandum, facsimile, *etc*.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other. The terms "identify" or "state the identity of" with respect to a document means to state: (1) the date of such document, (2) the Bates number of such document, if any, (3) a general description of the contents of the document, (4) the signer, preparer, or sender of the document, (5) the present location and custodian of the document, and (6) descriptive information of sufficient particularity to enable the Clearys to cause a subpoena *duces tecum* to be issued to the third party (if any) in possession of the document.

(q) The word "identify" when used in reference to a person shall include the person's name, address and telephone number.

(r) The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

## INSTRUCTIONS

1. Pursuant to Rule 60-226(b)(7), if you claim any information otherwise discoverable and responsive to these requests is privileged or subject to protection as trial preparation material, you must expressly make this claim and describe the nature of the information not produced, and do so in a manner that will enable Plaintiff and the Court to assess your claim of privilege.

2. These requests are intended to be continuing in nature. Pursuant to Rule 60-226(e), you are required to amend your responses to these requests in a timely manner if you learn that a response is in some material respect incomplete or incorrect and if the additional or corrective information or material has not otherwise been made known to Defendant during the discovery process or in writing.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all documents relating to the Assignment, including any documents evidencing Your acceptance, rejection, acknowledgment, or other response to the Assignment.

**RESPONSE:**

2. All communications, excluding any privileged communications, relating to the Assignment, including any documents evidencing any acceptance, rejection, acknowledgment, or other response to the Assignment.

**RESPONSE:**

3. Any and all documents evidencing any relationship between Alpha Scrip and Regalo Health.

**RESPONSE:**

4. Any and all documents relating to Regalo Health's corporate formation and governance, including documents relating to any relationships, such as parent corporations or ownership interest held by publicly held corporations.

**RESPONSE:**

5. Copies of Regalo Health's balance sheets, income statements, cash flow statements, or other accounting records kept in the ordinary course of business from January 1, 2022 to the present.

**RESPONSE:**

6. Any and all documents evidencing Regalo Health's assets and liabilities, including any sales, assignments, transfers, including transfers of assets from Alpha Scrip to Regalo Health, or other assumptions or disposals of assets and liabilities, from January 1, 2022 to the present.

**RESPONSE:**

7. Any and all documents relating to the assets purchased in the Asset Sale, including the Amgen Contract and any Amgen Gross Revenues.

**RESPONSE:**

8. Any and all documents relating to the Amgen Contract, including any renegotiations of the Amgen Contract, revisions to the Amgen Contract, communications regarding the Amgen Contract, or the Amgen Gross Revenues.

**RESPONSE:**

9. Any and all documents concerning the Amgen Gross Revenues for the First Earn-Out Period, Second Earn-Out Period and First Remaining Earn-Out Period.

**RESPONSE:**

10. The Earn-Out Notices currently due and owing for the First Earn-Out Period, the Second Earn-Out Period and the First Remaining Earn-Out Period in accordance with the terms of the Agreement and evidencing 10.8% of the Amgen Gross Revenues.

**RESPONSE:**

11. All communications between You and RegaloRx regarding the Asset Sale, the Agreement—including all obligations thereunder, the Earn-Out Notices, the Earn-Out Payments, the Assignment, the Amgen Gross Revenues, or the allegations set forth in Plaintiff's Petition.

**RESPONSE:**

12. All communications, excluding any privileged communications, between You and Alpha Scrip regarding the Asset Sale, the Agreement, the Earn-Out Notices, the Earn-Out Payments, the Assignment, Alpha Scrip's financials, Regalo Health's financials, the Amgen Gross Revenues, or the allegations set forth in Plaintiff's Petition.

**RESPONSE:**

13. All communications, excluding any privileged communications, between You and any third party regarding the Asset Sale, the Agreement, including all obligations thereunder, the Earn-Out Notices, the Earn-Out Payments, the Assignment, Alpha Scrip's financials, Regalo Health's financials, the Amgen Gross Revenues, or the allegations set forth in Plaintiff's Petition.

**RESPONSE:**

14. All communications between You and the Amgen Safety Net Foundation regarding the Amgen Contract or the Amgen Gross Revenues including any changes made to the enforcement of the Amgen Contract's terms or any hardship payments, or the Assignment to You.

**RESPONSE:**

*Pursuant to Local Rule 3.7, the undersigned hereby certifies that no portion of Plaintiff's Requests for Production to Defendant (Set One) was drafted or prepared using Generative A.I.*

Dated: September 16, 2026

Respectfully submitted,

LATHROP GPM LLP

By: */s/ Carrie E. Josserand*

Curtis L. Tideman KS #13433
Carrie E. Josserand KS #18893
2323 Grand Blvd, Suite 800
Kansas City, MO 64108
Telephone: 816.460.5872
carrie.josserand@lathropgpm.com
curtis.tideman@lathropgpm.com

*Attorneys for Plaintiff RegaloRx, Inc.*

ELECTRONICALLY FILED
2026 Aug 18 AM 5:46
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2026-CV-002169
PII COMPLIANT

| | |
|---|---|
| **Court:** | Johnson County District Court |
| **Case Number:** | JO-2026-CV-002169 |
| **Case Title:** | RegaloRx, Inc. vs. Alpha Scrip Incorporated, et al |
| **Type:** | ORD: Seal Proposed Order Granting Leave to File Exhibit 1 to Plaintiff's Petition Under Seal |

SO ORDERED,

/S/ Catherine Decena Triplett, District Court Judge

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**

| | | |
|---|---|---|
| RegaloRx, Inc., a Kansas not-for-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br>Division No. |

**PROPOSED ORDER GRANTING LEAVE TO FILE EXHIBIT 1 TO PLAINTIFF'S PETITION UNDER SEAL**

Before the Court is Plaintiff's Motion for Leave to File Exhibit 1 to Plaintiff's Petition Under Seal. Having considered the Motion, the Court finds that the Motion should be GRANTED.

IT IS HEREBY ORDERED that Plaintiff's Exhibit 1 to Plaintiff's Petition be filed Under Seal.

IT IS SO ORDERED

______________________________
Judge of District Court

ELECTRONICALLY FILED
2026 Sep 11 AM 8:57
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2026-CV-002169
PII COMPLIANT

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**

| | | |
|---|---|---|
| RegaloRx, Inc., a Kansas not-for-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. JO-2026-CV-002169 |

**REQUEST FOR SERVICE**

The Clerk of the Court will issue a summons and petition for Alpha Scrip Incorporated, 5080 N. 40th Street, Suite 339, Phoenix, AZ 85018, Registered Agent William Kennedy, Jr.

Plaintiff requests service of process as follows:

_____ a. Personal Service through the office of the Sheriff other than by return receipt delivery.

__X__ b. Service by Process Server authorized or appointed by the provisions of K.S.A. 60-308.

_____ c. Service by return receipt delivery by the undersigned party or party's attorney.

_____ d. Service by return receipt delivery by the Sheriff.

_____ e. Other instructions: ________________________________________.

Dated: September 2, 2026

Respectfully submitted,

LATHROP GPM LLP

By: */s/ Carrie E. Josserand*
Curtis L. Tideman KS #13433
Carrie E. Josserand KS #18893
2323 Grand Blvd, Suite 800
Kansas City, MO 64108
Telephone: 816.460.5872
carrie.josserand@lathropgpm.com
curtis.tideman@lathropgpm.com

*Attorneys for Plaintiff RegaloRx, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via this Court's electronic filing system on this 2nd day of September, 2026 upon all counsel of record.

*/s/ Carrie E. Josserand*
An Attorney for Plaintiff

ELECTRONICALLY FILED
2026 Sep 11 AM 8:57
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2026-CV-002169
PII COMPLIANT

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**

| | | |
|---|---|---|
| RegaloRx, Inc., a Kansas not-for-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. JO-2026-CV-002169<br>Division No. 21 |

**REQUEST FOR SERVICE**

The Clerk of the Court will issue a summons and petition for Regalo Health LLC, 5080 N. 40th Street, Suite 339, Phoenix, AZ 85018, Registered Agent William Kennedy, Jr.

Plaintiff requests service of process as follows:

_____ a. Personal Service through the office of the Sheriff other than by return receipt delivery.

__X__ b. Service by Process Server authorized or appointed by the provisions of K.S.A. 60-308.

_____ c. Service by return receipt delivery by the undersigned party or party's attorney.

_____ d. Service by return receipt delivery by the Sheriff.

_____ e. Other instructions: ________________________________________.

Dated: September 10, 2026

Respectfully submitted,

LATHROP GPM LLP

By: */s/ Carrie E. Josserand*

Curtis L. Tideman KS #13433
Carrie E. Josserand KS #18893
2323 Grand Blvd, Suite 800
Kansas City, MO 64108
Telephone: 816.460.5872
carrie.josserand@lathropgpm.com
curtis.tideman@lathropgpm.com

*Attorneys for Plaintiff RegaloRx, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via this Court's electronic filing system on this 10th day of September, 2026 upon all counsel of record.

*/s/ Carrie E. Josserand*
An Attorney for Plaintiff

ELECTRONICALLY FILED
2026 Sep 11 AM 9:07
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2026-CV-002169
PII COMPLIANT

| | |
|---|---|
| **Court:** | Johnson County District Court |
| **Case Number:** | JO-2026-CV-002169 |
| **Case Title:** | RegaloRx, Inc. vs. Alpha Scrip Incorporated, et al |
| **Type:** | ORD: Summons - Filer Drafted Summons and Return of Service - Alpha Scrip |

SO ORDERED,

/s/ Ryan Auckly, Deputy Clerk

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**

| | | |
|---|---|---|
| RegaloRx, Inc., a Kansas not-for-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. JO-2026-CV-002169<br>Division No. 21 |

**SUMMONS**

To: Alpha Scrip Incorporated
5080 N. 40th Street, Suite 339
Phoenix, AZ 85018
Registered Agent William Kennedy, Jr.

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the clerk of the court an extension of up to 14 additional days to serve and to file an answer or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion or obtain a Rule 113 extension, the court may enter default judgment against you for the relief demanded in the petition. If you were served outside of Kansas, however, the court may not enter default judgment against you until at least 30 days after service of this summons.

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

Curtis L. Tideman
Carrie E. Josserand
2323 Grand Blvd, Suite 800
Kansas City, MO 64108
Telephone: 816.460.5872
carrie.josserand@lathropgpm.com
curtis.tideman@lathropgpm.com

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s) that you may have against the plaintiff. If you fail to do so, you will thereafter be barred from making such claim(s) in any other action.

Date ______________ Clerk of the District Court.

Clerk's Seal By ______________________
Clerk or Deputy

**RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL**

I certify that I served copies of this Summons, Plaintiff's Amended Petition, Plaintiff's Request for Production of Documents (Set One) and the Certificate of Service on Alpha Scrip Incorporated in the following manner:

______(1) **Personal Service** - on the ___ day of __________________, 2026, by delivering or offering to deliver the documents to the above-named person;

______(2) **Residence Service** - on the _ day of __________________, 2026, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

______(3) **Residence Service** - on the _ day of __________________, 2026, by leaving a copy of the documents at the dwelling or usual place of abode of the above-named person and mailing to that person by first-class mail a notice that the copy has been left at the individual's dwelling or place of abode;

______(4) **Return Receipt Delivery** - by causing to be delivered on the _____ day of ______, 2026, the documents by return receipt delivery to the above-named person at the following address: ________________________________________ ______with delivery being made by the following person or entity: ____________ _________________________. A copy of the return receipt evidencing delivery is attached to this Return of Service.

______(5) **Return Receipt Delivery Refused** - by mailing on the ________________ day of _________________________, 2026, the documents by first-class, postage prepaid, to the above-named person at the following address: ______________________________________________________________.

______(6) **Other Method of Service -** _________________________________.
*(Describe other method of service allowed by law)*

______(7) **No Service**. The above-named person was not served for the following reason(s): ____________________________________________________________.

**CERTIFICATION OF**
**RETURN ON SERVICE OF SUMMONS**

**Service by**
**Law Enforcement Officer**

I declare under penalty of perjury, as provided in K.S.A. 21-3805, that the foregoing Return on Service of Summons is true and correct.

Executed on ____________________, 2026.

________________________________
*(Signature of Officer)*

________________________________
*(Title of Officer)*

---

**Service Outside State**
**Affidavit of Service**

STATE OF ______________)
) ss.
COUNTY OF ____________)

I, ________________, am authorized to serve process in civil actions in the state of
*(name)*

__________________.
*(state)*

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing Return on Service of Summons is true and correct.

Executed on ____________________, 2026.

________________________________
*(Signature of Person Authorized to Administer Oaths)*

Subscribed and sworn to before me this ____ day of __________________, 2026.

________________________________
*(Signature of Person Authorized to Administer Oaths)*

ELECTRONICALLY FILED
2026 Sep 11 AM 9:07
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2026-CV-002169
PII COMPLIANT

**Court:** Johnson County District Court

**Case Number:** JO-2026-CV-002169

**Case Title:** RegaloRx, Inc. vs. Alpha Scrip Incorporated, et al

**Type:** ORD: Summons - Filer Drafted Summons and Return of Service - Regalo Health

SO ORDERED,

/s/ Ryan Auckly, Deputy Clerk

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**

| | | |
|---|---|---|
| RegaloRx, Inc., a Kansas not-for-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. JO-2026-CV-002169<br>Division No. 21 |

**SUMMONS**

To: Regalo Health LLC
5080 N. 40th Street, Suite 339
Phoenix, AZ 85018
Registered Agent William Kennedy, Jr.

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the clerk of the court an extension of up to 14 additional days to serve and to file an answer or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion or obtain a Rule 113 extension, the court may enter default judgment against you for the relief demanded in the petition. If you were served outside of Kansas, however, the court may not enter default judgment against you until at least 30 days after service of this summons.

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

Curtis L. Tideman
Carrie E. Josserand
2323 Grand Blvd, Suite 800
Kansas City, MO 64108
Telephone: 816.460.5872
carrie.josserand@lathropgpm.com
curtis.tideman@lathropgpm.com

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s) that you may have against the plaintiff. If you fail to do so, you will thereafter be barred from making such claim(s) in any other action.

Date ______________ Clerk of the District Court.

Clerk's Seal By ______________________
Clerk or Deputy

**RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL**

I certify that I served copies of this Summons, Plaintiff's Amended Petition, Plaintiff's Request for Production of Documents (Set One) and the Certificate of Service on Regalo Health LLC in the following manner:

______(1) **Personal Service** - on the ___ day of _________________, 2026, by delivering or offering to deliver the documents to the above-named person;

______(2) **Residence Service** - on the _ day of _________________, 2026, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

______(3) **Residence Service** - on the _ day of _________________, 2026, by leaving a copy of the documents at the dwelling or usual place of abode of the above-named person and mailing to that person by first-class mail a notice that the copy has been left at the individual's dwelling or place of abode;

______(4) **Return Receipt Delivery** - by causing to be delivered on the _____ day of ______, 2026, the documents by return receipt delivery to the above-named person at the following address: ________________________________________ ______with delivery being made by the following person or entity: ____________ ________________________. A copy of the return receipt evidencing delivery is attached to this Return of Service.

______(5) **Return Receipt Delivery Refused** - by mailing on the _______________ day of ________________________, 2026, the documents by first-class, postage prepaid, to the above-named person at the following address: ____________________________________________________________.

______(6) **Other Method of Service -** _______________________________.
*(Describe other method of service allowed by law)*

______(7) **No Service**. The above-named person was not served for the following reason(s): ____________________________________________________.

**CERTIFICATION OF**
**RETURN ON SERVICE OF SUMMONS**

**Service by**
**Law Enforcement Officer**

I declare under penalty of perjury, as provided in K.S.A. 21-3805, that the foregoing Return on Service of Summons is true and correct.

Executed on ____________________, 2026.

_______________________________
*(Signature of Officer)*

_______________________________
*(Title of Officer)*

---

**Service Outside State**
**Affidavit of Service**

STATE OF ______________)
) ss.
COUNTY OF ____________)

I, ________________, am authorized to serve process in civil actions in the state of
*(name)*

___________________.
*(state)*

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing Return on Service of Summons is true and correct.

Executed on ____________________, 2026.

_______________________________
*(Signature of Person Authorized to Administer Oaths)*

Subscribed and sworn to before me this ____ day of __________________, 2026.

_______________________________
*(Signature of Person Authorized to Administer Oaths)*

ELECTRONICALLY FILED
2026 Sep 22 PM 4:46
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2026-CV-002169
PII COMPLIANT

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**

| | |
|---|---|
| RegaloRx, Inc., a Kansas not-for-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company,<br><br>Defendants. | Case No. JO-2026-CV-002169 |

**ACKNOWLEDGMENT OF SERVICE FOR SUMMONS AND PETITION**

Plaintiffs, RegaloRx, Inc., a Kansas not-for-profit corporation, in the above-entitled action states that service of the Summons and Petition for Damages was made upon Defendants Alpha Scrip Incorporated, an Arizona corporation, and Regalo Health LLC, an Arizona limited liability company through its attorney Lauren Tallent at Berkowitz Oliver, on September 17, 2026. As per agreement with counsel, with an extension of 45 days from September 18, 2026, Defendants' answer deadline is November 2, 2026. Defendants acknowledge that service upon it through its attorney was proper.

Dated: September 22, 2026

LATHROP GPM LLP

By: */s/ Carrie E. Josserand*

Carrie E. Josserand (KS #13433)
Curtis L. Tideman (KS #18893)
2323 Grand Blvd, Suite 800
Kansas City, MO 64108
Telephone: 816.460.5872
carrie.josserand@lathropgpm.com
curtis.tideman@lathropgpm.com

***Attorneys for Plaintiffs* RegaloRx, Inc., a Kansas not-for-profit corporation**

Dated: September 22, 2026

BERKOWITZ OLIVER LLP

By: */s/ Lauren Tallent*

Lauren Tallent (KS #28490)
2600 Grand Blvd., Suite 1200
Kansas City, MO 64108
Telephone: 816.561.7007
ltallent@berkowitzoliver.com

***Attorney for Defendants***