**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **RegaloRx, Inc.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Alpha Scrip Incorporated, and Regalo Health LLC,**<br><br>**Defendants.** | § § § § § § § § § § § | **Case No. 2:26-cv-02581**<br><br>**Removed from Johnson County District Court Case No. JO-2026-CV-002169** |
| **Alpha Scrip Incorporated,**<br><br>**Counterclaimant,**<br><br>**v.**<br><br>**RegaloRx, Inc., and James A. Mitchum**<br><br>**Counterclaim Defendants.** | § § § § § § § § § § § | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED PETITION**
**AND ALPHA SCRIP INCORPORATED'S COUNTERCLAIM**

Defendants Alpha Scrip Incorporated ("Alpha Scrip") and Regalo Health LLC ("Regalo Health," and collectively with Alpha Scrip, "Defendants") file this Answer to Plaintiff RegaloRx, Inc.'s ("Plaintiff" or "RegaloRx") Amended Petition:

**RESPONSE TO "PARTIES, JURISDICTION, AND VENUE"**

1. Defendants deny the allegations of paragraph 1. Answering further, RegaloRx forfeited its status as a corporation on April 13, 2026, and its principal office address was 11550 Renner Boulevard, Lenexa, KS 66219.

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. In response to paragraph 5, the terms of the Agreement speak for themselves. Plaintiff's allegations are legal conclusions for which no response is required. If a response is required, the allegations are denied.

6. Defendants deny the allegations of paragraph 6.

7. In response to paragraph 7, the terms of the Agreement speak for themselves. Plaintiff's allegations are legal conclusions for which no response is required. If a response is required, the allegations are denied. Answering further, Defendants removed the action to this Court on September 25, 2026.

8. Defendants deny the allegations of paragraph 8. Answering further, Defendants removed the action to this Court on September 25, 2026.

**RESPONSE TO "ALLEGATIONS COMMON TO ALL COUNTS"**

9. Defendants admit that RegaloRx was a Section 501(c)(3) nonprofit organization. Defendants lack knowledge or information sufficient to form a belief about the purpose for which RegaloRx was started, and on that basis deny the same allegations. Defendants deny the remaining allegations of paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 10, and on that basis deny the same allegations.

11. Defendants lack knowledge or information sufficient to form a belief about RegaloRx's search, and on that basis deny the same allegations. Defendants admit that RegaloRx contacted Alpha Script concerning a potential transaction. Defendants deny the remaining allegations of paragraph 11.

12. Defendants admit the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13 except it admits it performed due diligence that was impaired by Plaintiffs' false representations.

***Response to "The Parties Enter the September 27, 2023 Asset Purchase Agreement."***

14. Defendants admit that Alpha Scrip entered into the Agreement with RegaloRx on September 27, 2023. Defendants deny the remaining allegations of paragraph 14.

15. In response to paragraph 15, the terms of the Agreement speak for themselves. Plaintiff's allegations are legal conclusions for which no response is required. If a response is required, the allegations are admitted.

16. Defendants admit that one of the primary assets acquired was the Amgen Contract and that Amgen Safety Net Foundation was the Business' primary customer. Defendants deny the remaining allegations of paragraph 16.

17. In response to paragraph 17, the terms of the Agreement speak for themselves. Plaintiff's allegations are legal conclusions for which no response is required. If a response is required, the allegations are denied.

18. In response to paragraph 18, the terms of the Agreement speak for themselves. Plaintiff's allegations are legal conclusions for which no response is required. If a response is required, the allegations are denied.

19. In response to paragraph 19, the terms of the Agreement speak for themselves. Plaintiff's allegations are legal conclusions for which no response is required. If a response is required, the allegations are denied.

20. In response to paragraph 20, the terms of the Agreement speak for themselves. Plaintiff's allegations are legal conclusions for which no response is required. If a response is required, the allegations are denied.

21. In response to paragraph 21, the terms of the Agreement speak for themselves. Plaintiff's allegations are legal conclusions for which no response is required. If a response is required, the allegations are denied.

***Response to "Alpha Scrip's Failure to Provide the Earn-Out Notices and Make the Earn-Out Payments Required by Section 1.7 of the Agreement."***

22. Defendants admit that Alpha Scrip did not provide RegaloRx a First Earn-Out Notice by February 29, 2024. Defendants deny the remaining allegations of paragraph 22.

23. Defendants admit that Alpha Scrip has not made a First Earn-Out Payment to RegaloRx. Defendants deny the remaining allegations of paragraph 23.

24. Defendants admit that Alpha Scrip did not provide RegaloRx a Second Earn-Out Notice by March 1, 2025. Defendants deny that they have an obligation to make the payment and deny the remaining allegations of paragraph 24.

25. Defendants admit that Alpha Scrip has not made a Second Earn-Out Payment to RegaloRx. Defendants deny the remaining allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants admit that Alpha Scrip has not made a Third Earn-Out Payment to RegaloRx. Defendants deny that they have an obligation to make the payment and deny the remaining allegations of paragraph 27.

28. Defendants deny there are any required earn-out notices or payments and admit they do not presently intend to provide any.

***Response to "RegaloRx's Demand for Performance"***

29. Defendants admit that RegaloRx sent Alpha Scrip the demand attached as Exhibit 2 on May 9, 2025. Defendants deny the remaining allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants admit that RegaloRx sent Alpha Scrip the demand attached as Exhibit 3 on August 19, 2025. Defendants deny the remaining allegations of paragraph 31.

32. Defendants admit that Alpha Scrip sent RegaloRx a response on September 5, 2025. Alpha Scrip deny the remaining allegations of paragraph 32.

33. Defendants admit that Alpha Scrip provided RegaloRx with revenue numbers on November 21, 2025. Defendants deny the remaining allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants admit that Alpha Scrip provided revenue calculations for January 2025 to September 2025. Defendants deny the remaining allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

***Response to "Alpha Scrip Purports to Assign its Rights Under the Agreement."***

37. Defendants admit the allegations of paragraph 37.

38. Defendants admit the allegations of paragraph 38.

39. Defendants admit that RegaloRx did not object to the Assignment of rights. Defendants deny the remaining allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

**RESPONSE TO "COUNT I – BREACH OF CONTRACT (AGAINST ALPHA SCRIP)"**

41. Defendants incorporate their responses to paragraphs 1 through 40 above as if fully set forth herein.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45, including the "WHEREFORE" clause.

**RESPONSE TO "COUNT II – BREACH OF CONTRACT (AGAINST REGALO HEALTH)"**

46. Defendants incorporate their responses to paragraphs 1 through 45 above as if fully set forth herein.

47. Defendants admit that Count II is being pled in the alternative but deny that RegaloRx is entitled to relief on either Count I or Count II.

48. Defendants deny the allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52, including the "WHEREFORE" clause.

**RESPONSE TO "COUNT III – ACCOUNTING (AGAINST ALPHA SCRIP AND REGALO HEALTH)"**

53. Defendants incorporate their responses to paragraphs 1 through 52 above as if fully set forth herein.

54. Defendants incorporate by reference their responses to paragraphs 18 through 21 and admit only that the applicable contract provisions speak for themselves.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59, including the "WHEREFORE" clause.

**RESPONSE TO "COUNT IV – QUANTUM MERUIT (AGAINST ALPHA SCRIP)"**

60. Defendants incorporate their responses to paragraphs 1 through 59 above as if fully set forth herein.

61. Defendants admit the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants admit that RegaloRx demanded a payment which was refused. Defendants deny the remaining allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66, including the "WHEREFORE" clause.

**RESPONSE TO "COUNT V – QUANTUM MERUIT (AGAINST REGALO HEALTH)"**

67. Defendants incorporate their responses to paragraphs 1 through 66 above as if fully set forth herein.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Defendants deny the allegations of paragraph 70.

71. Defendants deny the allegations of paragraph 71.

72. Defendants deny the allegations of paragraph 72, including the "WHEREFORE" clause.

**RESPONSE TO "COUNT VI – DECLARATORY RELIEF (AGAINST ALPHA SCRIP AND REGALO HEALTH)"**

73. Defendants incorporate their responses to paragraphs 1 through 72 above as if fully set forth herein.

74. Defendants deny the allegations of paragraph 74(a)-(f).

75. Defendants deny the allegations of paragraph 75.

76. Defendants admit that RegaloRx requests a declaration, but deny that RegaloRx is entitled to any relief. Defendants deny the remaining allegations of paragraph 76.

77. Defendants admit that RegaloRx requests a declaration, but deny that RegaloRx is entitled to any relief. Defendants deny the remaining allegations of paragraph 77.

78. Defendants admit that RegaloRx requests a declaration, but deny that RegaloRx is entitled to any relief. Defendants deny the remaining allegations of paragraph 78, including the "WHEREFORE" clause.

**RESPONSE TO "COUNT VII – RELIEF FOM FRAUDULENT TRANSFER (AGAINST ALPHA SCRIP)"**

79. Defendants incorporate their responses to paragraphs 1 through 78 above as if fully set forth herein.

80. Defendants admit the allegations of paragraph 80.

81. Defendants deny the allegations of paragraph 81.

82. Defendants deny the allegations of paragraph 82.

83. Defendants deny the allegations of paragraph 83.

84. Defendants deny the allegations of paragraph 84.

85. Defendants admit that RegaloRx conveyed demands to Alpha Scrip on May 9, 2025 and August 19, 2025. Defendants deny the remaining allegations of paragraph 85.

86. Defendants admit that Alpha Scrip was aware of the terms in the Agreement. Defendants deny the remaining allegations of paragraph 86.

87. Defendants admit that Alpha Scrip sent a response to RegaloRx on September 5, 2025. Defendants deny the remaining allegations of paragraph 87.

88. Defendants admit that Alpha Scrip assigned its obligations and rights under the Agreement to Alpha Scrip's affiliate, Regalo Health, through the Assignment on November 21, 2025. Defendants deny the remaining allegations of paragraph 88.

89. Defendants deny the allegations of paragraph 89.

90. Defendants deny the allegations of paragraph 90.

91. Defendants deny the allegations of paragraph 91.

92. Defendants deny the allegations of paragraph 92.

93. Defendants deny the allegations of paragraph 93.

94. Defendants deny the allegations of paragraph 94.

95. Defendants deny the allegations of paragraph 95.

96. Defendants deny the allegations of paragraph 96.

97. Defendants deny the allegations of paragraph 97, including the "WHEREFORE" clause.

**AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's claims are barred, in whole or in part, because Plaintiff fraudulently induced Alpha Scrip into entering the Agreement and/or agreeing to the Earn-Out Payments.

2. Alpha Scrip is entitled to a set-off of any damages because Plaintiff fraudulently induced Alpha Scrip into entering the Agreement and/or agreeing to the Earn-Out Payments.

3. Plaintiff's claims against Alpha Scrip are barred, in whole or in part, because Alpha Scrip assigned its obligations under the Agreement to Regalo Health.

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to perform its contractual obligations under the Agreement, therefore relieving Defendants of any requirement or obligation to perform.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel or quasi-estoppel.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Defendants hereby demand a trial by jury on all claims in Plaintiff's Amended Petition.

**COUNTERCLAIM**

Defendant/Counterclaim Plaintiff Alpha Scrip Incorporated ("Alpha Scrip"), by counsel, asserts this Counterclaim against Plaintiff/Counterclaim Defendant RegaloRx, Inc. ("RegaloRx" or "Seller") and Counterclaim Defendant James A. Mitchum ("Mitchum," and with RegaloRx the "Counterclaim Defendants") and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Alpha Scrip is an Arizona corporation doing business in the state of Kansas with its corporate headquarters located at 5080 N. 40th Street, Suite 339, Phoenix, Arizona 85018.

2. RegaloRx forfeited its status as a corporation on April 13, 2026, and its principal office address was 11550 Renner Boulevard, Lenexa, KS 66219.

3. Mitchum is an individual who, upon information and belief, is a citizen of Kansas who resides in Johnson County, Kansas.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. RegaloRx and Alpha Scrip entered into an Asset Purchase Agreement dated September 27, 2023 (the "Agreement"). A true and correct copy of the agreement is attached as Exhibit 1 to the Amended Petition.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 96 and 1441(a). Furthermore, Section 10.8 of the Agreement provides that "Each party: (a) submits to the jurisdiction of any state or federal court sitting in Johnson County, Kansas, in any action or proceeding arising out of or relating to this Agreement or the matters contemplated herein; [and] (c) waives any claim of inconvenient forum or other challenge to venue in such court[.]"

## FACTUAL ALLEGATIONS

### *The Agreement and Seller's Representations During Diligence*

7. Starting in or around March 2023, Alpha Scrip and RegaloRx discussed and negotiated a potential sale of the assets used in RegaloRx's business (the "Business") to Alpha Scrip.

8. In 2023, Mitchum was RegaloRx's Chief Executive Officer and a majority shareholder who stood to personally gain millions of dollars by perpetuating the fraud as described herein.

9. Mitchum actively participated in settlement negotiations on behalf of RegaloRx and was Alpha Scrip's main point of contact for negotiations.

10. In 2023, the Business's only significant customer and source of revenue was its contractual relationship with Amgen Safety Net Foundation ("Amgen"), including a Master Services Agreement ("MSA") and Statement of Work No. 4 ("SOW 4").

11. In SOW 4, the Business agreed to provide certain services to Amgen, including pharmacy fulfillment services and training personnel.

12. The base fees Amgen would pay under SOW 4 are specified in a fee schedule.

13. Under SOW 4, Amgen would make an "Additional Payment" to the Business if certain metrics were exceeded for the relevant service, and would apply a "Financial Penalty" if the Business underperformed a certain metric.

14. One such service metric under the MSA is "wastage." Amgen could apply a financial penalty to the Business if an excess amount of medicines expire before delivery.

15. Before execution of the Agreement, RegaloRx and Mitchum possessed superior and exclusive knowledge concerning the Business's historical performance, operating failures, staffing needs, Amgen support, product-wastage exposure, performance penalties, and the attainability of payments available under SOW 4.

16. Alpha Scrip and RegaloRx originally contemplated that RegaloRx would receive earn-out payments based on a percentage of the profit (40%) that the Business would have from the Amgen contract after the transaction.

17. The projected profits were based on a pro forma financial projection (the "Pro Forma"), represented as accurate by RegaloRx and Mitchum on or about September 15, 2023, concerning the Business's anticipated revenue, expenses, and profitability under the Amgen relationship. These representations were knowingly false.

18. Then, RegaloRx and Mitchum requested that the earn-out payments be paid 10% of revenue from the Amgen contract—rather than profits—because this would be simpler to administer while having the same economic effect as a 40% profit-based earnout according to their Pro Forma.

19. In fact, RegaloRx and Mitchum knew this change of deal terms would have a substantial economic impact. They sought this change because they knew their financial projections were false and that RegaloRx would not be nearly as profitable as represented and was very likely to lose money absent major changes to the way it operated.

20. Nevertheless, believing the projections in the Pro Forma to had been made in good faith and were reliable, Alpha Scrip agreed to the change. Accordingly, under the Agreement, besides a $6,000,000 up-front sum, RegaloRx was set to receive from the Business annually 10.8% of the "Amgen Gross Revenue" each year starting from October 1, 2023 for up to eight years. Ex. 1, Agreement §§ 1.5(c), 1.7(a).

***Seller's Fraud Comes to Light***

21. After closing, Alpha Scrip discovered that RegaloRx and Mitchum concealed several unforeseen and undisclosed liabilities.

22. First, the Business's undisclosed severe operational inefficiencies meant that it could not satisfy Amgen's metrics for product wastage.

23. Under the MSA, the financial penalty for wastage is significant: the Business incurred wastage liability of $462,000 in 2024, when Amgen Gross Revenue was $14.2M.

24. This significant wastage liability was intentionally concealed from Alpha Scrip and not reflected in the Pro Forma.

25. RegaloRx and Mitchum's concealing the wastage liability has materially and negatively impacted post-closing operations and value and has resulted in material and ongoing damages to the value of the Business.

26. Second, the Pro Forma represented that the Business would receive "Additional Payments" from Amgen based on exceeding certain service metrics. After closing, Alpha Scrip learned that the Additional Payments were entirely unrealistic and could never have been achieved based on the Business's historical performance.

27. Third, Alpha Scrip learned that RegaloRx and Mitchum had concealed the fact RegaloRx sought and received from Amgen a $644,000 *hardship* payment in early 2023 to keep the Business operating. RegaloRx and Mitchum did not disclose the extraordinary rescue or its circumstances but instead presented this as ordinary revenue.

28. RegaloRx and Mitchum's statements and omissions concerned then-existing facts within RegaloRx and Mitchum's knowledge, including the Business's historical losses, actual staffing, prior penalties, Amgen's extraordinary financial support, and historical inability to meet SOW 4 metrics. Further, their Pro Forma was presented as a good faith estimate of future performance based on their superior knowledge of the historical facts of the business when, in fact, it was made in bad faith, for the purpose of deception, and was not their true estimate.

29. RegaloRx and Mitchum knew their statements and omissions were false or misleading, or acted with reckless disregard for their truth, because RegaloRx and Mitchum had operated the Business, communicated directly with Amgen, sought the hardship payment, experienced the staffing shortages and operational failures, and knew the true historical costs and penalty exposure.

30. RegaloRx and Mitchum intended and expected Alpha Scrip to rely on the diligence materials and the Pro Forma when deciding whether to enter the Agreement, how much to pay at closing, and whether to accept a revenue-based rather than profit-based earn-out. RegaloRx and Mitchum provided those materials specifically to support its requested valuation and earn-out structure during negotiations culminating in the September 27, 2023 execution of the Agreement.

31. Alpha Scrip did not know the concealed facts before closing. The business history was peculiarly within RegaloRx or Mitchum's knowledge and were not disclosed in the Pro Forma, financial statements, disclosure schedules, or other diligence materials supplied by RegaloRx or Mitchum to Alpha Scrip. The fact that they did not actually believe their own Pro Forma projections was also particularly within RegaloRx and Mitchum's knowledge.

32. In reliance on RegaloRx and Mitchum's misrepresentations and concealment, Alpha Scrip executed the Agreement, paid $6,000,000 in cash consideration at closing, made post-closing retention payments to RegaloRx management, and agreed to an earn-out of 10.8% of Amgen Gross Revenue for up to eight years.

33. Counterclaim Plaintiff's business expectations have been thwarted by the fraud of RegaloRx and Mitchum in that the business has not achieved the profits projected.

34. Moreover, had RegaloRx or Mitchum truthfully disclosed the Business's historical losses, hardship funding, staffing requirements, wastage and performance exposure, the unattainability of projected Additional Payments, and the bad faith nature of the Pro Forma, Alpha Scrip would not have entered the Agreement on the agreed terms, would not have paid the agreed consideration, and would not have accepted a revenue-based earn-out. Alpha Scrip would have declined the transaction or demanded a materially lower price and a profit-based earn-out.

**COUNT I: FRAUD AND FRADULENT INDUCEMENT**

35. Alpha Scrip incorporates the preceding paragraphs as if fully set forth herein.

36. RegaloRx and Mitchum made material representations of existing fact and concealed material facts concerning the Business's historical financial condition, ordinary operating expenses, staffing requirements, operational failures, wastage and performance penalties, ability to achieve SOW 4 Additional Payments, and the fact that their projections were knowingly inflated.

37. The representations were false, and the omissions rendered RegaloRx and Mitchum's affirmative statements, including the Pro Forma, financial presentation, and diligence disclosures materially misleading.

38. RegaloRx and Mitchum knew the true facts, knew its representations were false or misleading, and intentionally concealed information material to Alpha Scrip's transaction decision.

39. RegaloRx and Mitchum intended Alpha Scrip to act on the misrepresentations and omissions by executing the Agreement, paying the negotiated consideration, and agreeing to the revenue-based earn-out.

40. Alpha Scrip reasonably relied on RegaloRx and Mitchum's representations and omissions in entering the Agreement and fixing its economic terms.

41. Alpha Scrip's reliance directly and proximately caused damages, including overpayment for the acquired assets, out-of-pocket losses, retention payments and transaction expenditures made in reliance on the fraud, costs incurred to address concealed operational deficiencies and liabilities, diminution in the value of the acquired Business before assigned to

Regalo Health LLC, lost benefit of the bargain to the extent recoverable, and other damages to be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Alpha Scrip respectfully requests that the Court enter judgment in its favor against RegaloRx and Mitchum and award to Alpha Scrip:

A. compensatory damages in an amount to be determined at;

B. pre-judgment interest on all monetary damages; and

C. such other relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Alpha Scrip hereby demands a trial by jury.

Dated: September 25, 2026

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

*/s/ Lauren Tallent*
Lauren Tallent (KS No. 28490)
Carson M. Hinderks (KS No. 25079)
2600 Grand Blvd., Suite 1200
Kansas City, MO 64108
Phone: 816-627-0231
Email: ltallent@berkowitzoliver.com
chinderks@berkowitzoliver.com

Jonathan R. Mureen (TX Bar No. 24060313) (*pro hac vice forthcoming*)
**SQUIRE PATTON BOGGS (US) LLP**
2021 McKinney Avenue, Suite 200
Dallas, TX 75201
(214) 758-1500 – Telephone
(214) 758-1550 – Facsimile
Email: jon.mureen@squirepb.com

and

James M. Brennan (OH Bar No. 101670)
(*pro hac vice forthcoming*)
**SQUIRE PATTON BOGGS (US) LLP**
1000 Key Tower
127 Public Square
Cleveland, OH 44114
(216) 479-8041 – Telephone
(216) 479-8780 – Facsimile
Email: james.brennan@squirepb.com

*Attorneys for Alpha Scrip Incorporated and Regalo Health LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, a true and accurate copy of the foregoing was electronically filed with the Clerk of the United States District Court via the Court's CM/ECF system, which will provide notice to all counsel of record, and was further served by electronic mail and U.S. Mail, postage prepaid, upon the following:

Curtis L. Tideman KS #13433
Carrie E. Josserand KS #18893
LATHROP GPM LLP
2323 Grand Blvd, Suite 800
Kansas City, MO 64108
Telephone: 816.460.5872
carrie.josserand@lathropgpm.com
curtis.tideman@lathropgpm.com

*Attorneys for Plaintiff RegaloRx, Inc.*

James A. Mitchum
11508 Hadley St.
Overland Park, KS 66210

*/s/ Lauren Tallent*
*Attorney for Alpha Scrip Incorporated and Regalo Health LLC*