**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **RegaloRx, Inc.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 2:26-CV-02581-JWL-GEB** |
| | § | |
| **Alpha Scrip Incorporated, and Regalo Health LLC,** | § | **Removed from Johnson County District Court Case No. JO-2026-CV-002169** |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**UNOPPOSED MOTION TO SEAL PROVISIONALLY SEALED EXHIBIT 3A TO DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to Local Rule 5.4.2(c), Defendants Alpha Scrip Incorporated ("Alpha Scrip") and Regalo Health LLC ("Regalo") (collectively, "Movants") hereby request an order from the Court maintaining under seal Exhibit 3A to Defendants' Notice of Removal (ECF No. 1), which Defendants provisionally filed under seal. Exhibit 3A is the Asset Purchase Agreement, with its exhibits (the "Agreement"), through which Alpha Scrip purchased an ongoing business (the "Business") from Plaintiff. The Agreement contains highly confidential financial information, program requirements, and proprietary information relating to the Business's contract with non-party Amgen Safety Net Foundation ("Foundation" or "non-party"), and its disclosure would cause significant and irreparable harm not only to the parties to this action, but also to the Foundation. The Agreement, Exhibit 3A, has been under seal since the outset of this case, as the District Court of Johnson County, Kansas ordered it sealed on Plaintiff's motion before removal, and Movants ask this Court to maintain that protection.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 13, 2026, Plaintiff filed its Petition in the District Court of Johnson County, Kansas, together with a motion for leave to file Exhibit 1 to the Petition under seal. Plaintiff's Motion Seeking Leave to File Exhibit 1 Under Seal ("Pl.'s Mot."), ECF No. 1-3 at 20. In support, Plaintiff represented that the Agreement contains highly confidential information related to the Business's contract with the non-party, including financial information and program requirements that constitute the non-party's intellectual property, and that disclosure would harm the business relationship between the Business and the non-party. *Id.* ¶ 4. Plaintiff further represented that redaction was not practicable given "the sheer volume of confidential information found in the Agreement," and that the parties' dispute relates to non-confidential provisions set forth in the publicly filed Petition. *Id.* ¶ 8. On August 18, 2026, the state court granted the motion. ECF No. 1-3 at 41.

Plaintiff filed an Amended Petition on September 4, 2026. On September 25, 2026, Defendants removed the action to this Court, and on October 2, 2026, Defendants provisionally filed the Agreement under seal as Exhibit 3A to Defendants' Notice of Removal and filing a Notice of Proposed Sealed Record. ECF No. 10.

## ARGUMENT AND AUTHORITIES

A "party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Luo v. Wang*, 71 F.4th 1289, 1304 (10th Cir. 2023) (citation and internal quotation marks omitted). The Court may seal documents "if competing interests outweigh the public's interest." *Parker v. United Airlines, Inc.*, 49 F.4th 1331, 1343 (10th Cir. 2022). Where documents inform the court's decision-making process, the movant "must articulate a real and substantial interest that justifies depriving

the public of access." *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135-36 (10th Cir. 2011)). In this district, a Proponent seeking to maintain a provisionally sealed document under seal must file a motion that addresses each of the requirements of D. Kan. L. R. 5.4.2(c). Those requirements are:

(1) a description of the specific portions of the document, without attaching the document in question or revealing the confidential information, that the Proponent asks the court to maintain under seal or allow to be redacted, which must be narrowly tailored to the asserted confidentiality interest;

(2) the confidentiality interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders, alone, are insufficient to justify restriction);

(3) a clearly defined and serious injury that would result in the absence of restricting public access;

(4) why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question;

(5) the extent to which the motion is opposed or unopposed, if known; and

(6) in cases involving a pro se incarcerated party, the extent to which the pro se incarcerated party should be granted access to the sealed or redacted materials.

D. Kan. L. R. 5.4.2(c).

As discussed below, Movants' request to maintain the filing under seal should be granted because the requirements of Local Rule 5.4.2(c) are satisfied.

**A. Description of the document – D. Kan. L. R. 5.4.2(c)(1).**

Exhibit 3A is the Agreement, including its exhibits, which Plaintiff filed as Exhibit 1 to its Petition in the state court action. The Agreement sets out the negotiated economic terms of the asset sale, including the purchase price and post-closing payment obligations, as well as other negotiated transaction terms. Its exhibits include the Statement of Work governing the Business's services to the Foundation, which contains the pricing and fee schedules for those services,

performance requirements, and operational and staffing terms, all of which is confidential and commercially sensitive information. Movants ask that the Agreement remain sealed in its entirety, because, as explained in subsection D, confidential information appears throughout the document and its exhibits.

**B. Confidentiality interest to be protected – D. Kan. L. R. 5.4.2(c)(2).**

The Agreement implicates the confidentiality interests of the parties and of the Foundation. Alpha Scrip is a party to the Agreement, and it acquired and now operates the Business, including its relationship with the Foundation. The Agreement's disclosure of the financial terms and program requirements of the Business's contract with the Foundation therefore implicates Movants' own confidential commercial information. The Foundation, a non-party to this dispute, has an independent interest in the confidentiality of that information, which Plaintiff represented to the state court constitutes the Foundation's intellectual property. Pl.'s Mot. ¶ 4. Plaintiff likewise represented that the Agreement contains industry trade secrets and other confidential and proprietary information whose disclosure could cause significant damage to the parties. *Id.* ¶ 5.

The Tenth Circuit has "allowed sealing of documents reflecting a party's finances and business practices." *Parker*, 49 F.4th at 1343. Courts in this district have likewise granted motions to seal "confidential business information or non-public financial information, including information about contract negotiations, pricing, profits, and sales strategy." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-2785-DDC-TJJ, 2020 WL 7396915, at *9 (D. Kan. Dec. 17, 2020); *see also Melnick v. Tamko Bldg. Prods. LLC*, No. 19-CV-2630-JAR-BGS, 2023 WL 5574188, at *2 (D. Kan. Aug. 29, 2023) (recognizing that competing interests "may include trade secrets to be protected from disclosure and confidential business information that may harm a business's competitive standing"); *AH Aero Serv., LLC v.*

*Heber City*, No. 17-CV-01118-HCN-DAO, 2020 WL 6135819, at *5 (D. Utah Oct. 19, 2020) (explaining that "[c]onfidential financial information is often sealed where its disclosure could cause competitive harm" (collecting cases)).

The Agreement falls squarely within these categories. It sets out the terms of the asset sale and the financial terms and program requirements of the Business's contract with the Foundation, all of which is non-public financial and business information whose disclosure would harm the competitive standing of the Business and the Foundation. These interests outweigh the public's interest in access.

**C. Resulting injury to be avoided – D. Kan. L. R. 5.4.2(c)(3).**

Public disclosure of the Agreement would cause clearly defined and serious injury. Plaintiff itself represented to the state court that disclosure "would harm the business relationship between the Business and the Amgen Safety Net Foundation." Pl.'s Mot. ¶ 4. Because Alpha Scrip now owns and operates the Business, that harm would fall directly on Movants. Disclosure would also give Movants' competitors access to the pricing, fee schedules, and performance terms of the Business's contract with the Foundation, information they could use to compete for similar arrangements and that Movants could not recover once public. The Foundation, a non-party, would likewise be injured by public disclosure of its non-public program requirements and financial terms.

**D. No lesser alternative – D. Kan. L. R. 5.4.2(c)(4).**

Redaction is not a practicable alternative. As Plaintiff represented to the state court, "the sheer volume of confidential information found in the Agreement" makes redaction impracticable. Pl.'s Mot. ¶ 8. Confidential terms appear throughout the Agreement and its exhibits, such that a redacted version would convey little meaningful information to the public. At the same time,

sealing the Agreement will not impair the public's understanding of this case because the parties' dispute concerns non-confidential provisions of the Agreement that are described in the publicly filed Amended Petition. Finally, maintaining the Agreement under seal is consistent with the state court's August 18, 2026 order, which remains in full force and effect following removal. *See* 28 U.S.C. § 1450.

**E. Motion is unopposed – D. Kan. L. R. 5.4.2(c)(5).**

Counsel for Plaintiff does not oppose this motion.

**F. No *pro se* party concerns – D. Kan. L. R. 5.4.2(c)(6).**

No party to the action appears *pro se*.

## CONCLUSION

Movants have complied with the procedure and requirements set forth in Local Rule 5.4.2. Accordingly, for all the reasons stated herein, Movants respectfully request that the Motion to Seal the Provisionally Sealed Exhibit 3A To Defendants' Notice of Removal be granted.

Dated: October 2, 2026

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

*/s/ Lauren Tallent*
Lauren Tallent (KS No. 28490)
Carson M. Hinderks (KS No. 25079)
2600 Grand Blvd., Suite 1200
Kansas City, MO 64108
Phone: 816-627-0231
Email: ltallent@berkowitzoliver.com
chinderks@berkowitzoliver.com

and

Jonathan R. Mureen (TX Bar No. 24060313)
(*pro hac vice forthcoming*)
**SQUIRE PATTON BOGGS (US) LLP**
2021 McKinney Avenue, Suite 200
Dallas, TX 75201
(214) 758-1500 – Telephone
(214) 758-1550 – Facsimile
Email: jon.mureen@squirepb.com

and

James M. Brennan (OH Bar No. 101670)
(*pro hac vice forthcoming*)
**SQUIRE PATTON BOGGS (US) LLP**
1000 Key Tower
127 Public Square
Cleveland, OH 44114
(216) 479-8041 – Telephone
(216) 479-8780 – Facsimile
Email: james.brennan@squirepb.com

*Attorneys for Alpha Scrip Incorporated*
*and Regalo Health LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2026, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Lauren Tallent*
*Attorney for Alpha Scrip Incorporated*
*and Regalo Health LLC*