**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**AT KANSAS CITY**

| | |
|---|---|
| RegaloRx, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Alpha Scrip Incorporated, and Regalo Health LLC,<br><br>Defendants. | **Case No. 2:26-cv-02581-JWL-GEB** |
| Alpha Scrip Incorporated,<br><br>Counterclaimant,<br><br>v.<br><br>RegaloRx, Inc., and James P. Mitchum,<br><br>Counterclaim Defendants. | |

**COUNTERCLAIM DEFENDANTS REGALORX, INC.'S AND JAMES P. MITCHUM'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT ALPHA SCRIP INCORPORATED'S AMENDED COUNTERCLAIM**

Plaintiff and Counterclaim Defendant RegaloRx, Inc. ("RegaloRx") and Counterclaim Defendant James P. Mitchum ("Mitchum") (collectively hereinafter "Counterclaim Defendants"), as and for their Answer and Affirmative Defenses to Defendant and Counterclaimant Alpha Scrip Incorporated's ("Alpha Scrip") Amended Counterclaim ("Counterclaim"), state as follows.

**PARTIES, JURISDICTION, AND VENUE**

1. Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and therefore deny the same.

2. Responding to Paragraph 2, Counterclaim Defendants admit that RegaloRx's principal place of business is located at 11550 Renner Boulevard, Lenexa, KS 66219. Counterclaim Defendants further state that, as of this filing, RegaloRx is an active Kansas not-for-profit corporation in good standing.

3. Paragraph 3 is admitted.

4. Paragraph 4 contains legal conclusions to which no response is required. However, to the extent a response is required, Counterclaim Defendants do not contest subject matter jurisdiction.

5. Paragraph 5 is admitted. By way of further answer, Counterclaim Defendants state that the Agreement speaks for itself.

6. Paragraph 6 contains legal conclusions to which no response is required. The Parties Agreement speaks for itself. To the extent a response is required, Counterclaim Defendants do not contest venue.

## FACTUAL ALLEGATIONS

### *The Agreement and Seller's Representations During Due Diligence*

7. Paragraph 7 is admitted.

8. Responding to Paragraph 8, Counterclaim Defendants admit that Mitchum was RegaloRx's Chief Executive Officer in 2023. The remaining allegations set forth in Paragraph 8 are denied.

9. Paragraph 9 is admitted.

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted. By way of further answer, Counterclaim Defendants state that SOW 4 speaks for itself.

12. Paragraph 12 is admitted. By way of further answer, Counterclaim Defendants state that SOW 4 and any associated fee schedules speak for themselves.

13. Paragraph 13 is admitted. By way of further answer, Counterclaim Defendants state that SOW 4 speaks for itself.

14. Paragraph 14 is admitted. By way of further answer, Counterclaim Defendants state that SOW 4 speaks for itself.

15. Responding to Paragraph 15, Counterclaim Defendants admit only that RegaloRx and Mitchum, as an officer of RegaloRx, possessed certain knowledge related to RegaloRx's assets (the "Business"). As to the remaining allegations set forth in Paragraph 15, Counterclaim Defendants deny that such knowledge was "superior and exclusive" to Counterclaim Defendants. By way of further answer, Counterclaim Defendants state that the MSA speaks for itself.

16. Responding to Paragraph 16, Counterclaim Defendants admit that the parties to the Agreement negotiated the terms of potential earn-out payments. The terms of the parties' Agreement speak for themselves. Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth to the remaining allegations set forth in Paragraph 16 and therefore deny the same.

17. Responding to Paragraph 17, Counterclaim Defendants admit only that RegaloRx provided accurate pro forma financial projections for the Business. The remaining allegations in Paragraph 17 are denied. By way of further answer, the referenced Pro Forma documents speak for themselves.

18. Responding to Paragraph 18 of the Counterclaim, Counterclaim Defendants admit that the parties to the Agreement negotiated the terms of potential earn-out payments. The terms of the parties' Agreement speak for themselves. Counterclaim Defendants deny that Mitchum was

involved in negotiating the earn-out payments. Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in Paragraph 18 and, therefore, deny the same.

19. Paragraph 19 is denied.

20. Responding to Paragraph 20, Counterclaim Defendants state that the terms of the parties' Agreement speak for themselves. Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, deny the same.

***Seller's Fraud Comes to Light***

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 and, therefore, deny the same. By way of further answer, Counterclaim Defendants state that the MSA speaks for itself.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied. By way of further answer, Counterclaim Defendants state that the Pro Forma and SOW 4 speak for themselves.

27. Responding to Paragraph 27, Counterclaim Defendants admit that RegaloRx received a $644,000 material hardship payment in early 2023. The remaining allegations in Paragraph 27 are denied.

28. Paragraph 28 is denied.

29. Responding to Paragraph 29, Counterclaim Defendants admit RegaloRx and

Mitchum were familiar with the Business, the customer, and its operations prior to the sale. The remaining allegations in Paragraph 29 are denied. By way of further response, Counterclaim Defendants deny that Mitchum made any representations in a personal capacity.

30. Responding to Paragraph 30, Counterclaim Defendants admit that information was provided to Alpha Scrip during the due diligence period and as part of the negotiations for the eventual sale of the Business. Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, therefore, deny the same.

31. Responding to Paragraph 31, Counterclaim Defendants admit they possessed knowledge relating to the Business's history. The remaining allegations of Paragraph 31 are denied.

32. Responding to Paragraph 32, Counterclaim Defendants state that the parties' Agreement speaks for itself. The remaining allegations Paragraph 32 are denied.

33. Paragraph 33 is denied.

34. Responding to Paragraph 34, Counterclaim Defendants deny any bad faith or untruthful disclosures. Counterclaim Defendants further deny that Mitchum made any representations in his personal capacity. Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and, therefore, deny the same.

**COUNT I: FRAUD AND FRAUDULENT INDUCEMENT**

35. Responding to Paragraph 35, Counterclaim Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

36. Paragraph 36 is denied. Counterclaim Defendants further deny that Mitchum made

any representations in his personal capacity.

37. Paragraph 37 is denied. Counterclaim Defendants further deny that Mitchum made any representations in his personal capacity.

38. Paragraph 38 is denied. Counterclaim Defendants further deny that Mitchum made any representations in his personal capacity.

39. Paragraph 39 is denied. Counterclaim Defendants further deny that Mitchum made any representations in his personal capacity.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. As to the Prayer for Relief set forth in the Counterclaim, Counterclaim Defendants deny that Alpha Scrip is entitled to the relief requested therein. Counterclaim Defendants pray that the Court enters judgment in favor of Counterclaim Defendants and against Alpha Scrip, dismisses the Counterclaim in its entirety and with prejudice, and award Counterclaim Defendants their costs and expenses, including reasonable attorneys' fees incurred in enforcing the Agreement and defending against Alpha Scrip's Counterclaim.

43. Each and every allegation not specifically admitted herein is denied.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Counterclaim Defendants hereby demand a jury trial on all issues so triable as to the Counterclaim.

## AFFIRMATIVE DEFENSES

1. Alpha Scrip fails to state a claim against Counterclaim Defendants upon which relief can be granted.

2. Alpha Scrip's claims are time-barred under the terms of the Agreement.

3. Alpha Scrip's Counterclaim is barred or otherwise limited by the applicable statute of limitations. Due to Alpha Scrip's actions and inactions regarding Alpha Scrip's obligations under the Agreement, including its failure to make the contractually mandated earn-out payments, Alpha Scrip is estopped from asserting the Counterclaim. Due to Alpha Scrip's actions and inactions regarding Alpha Scrip's obligations under the Agreement, including its failure to make the contractually mandated earn-out payments, Alpha Scrip has waived any right to contest such obligations or the information Alpha Scrip had available during the due diligence period.

4. Alpha Scrip's Counterclaim is barred, in whole or in part, by the doctrine of laches, unclean hands, or acquiescence.

5. Alpha Scrip's fraud claim fails to state with particularity the circumstances constituting fraud or mistake as required by Fed. R. Civ. P. 9(b)

6. Counterclaim Defendants affirmatively allege that at all relevant times they acted in good faith. Counterclaim Defendants affirmatively allege that Alpha Scrip cannot state a claim upon which relief may be granted against Mitchum because Mitchum made no representations in his personal capacity. Counterclaim Defendants affirmatively allege that based on the non-reliance provision of the parties' Agreement, Alpha Scrip cannot demonstrate any reliance on RegaloRx's representations and warranties

7. Alpha Scrip's damages, if any, are limited by the parties' Agreement.

8. Alpha Scrip's damages, if any, are due to Alpha Scrip's own negligence and failures to conduct due diligence.

9. Alpha Scrip has failed to mitigate its damages, if any.

10. Alpha Scrip's damages, if any, are not attributable to Counterclaim Defendants.

11. Alpha Scrip's alleged damages were caused or contributed to by Alpha Scrip's own

actions and inactions.

12. Counterclaim Defendants reserve the right to assert any additional defenses that are supported by information or facts through discovery or other means during this case and expressly reserve the right to amend their Answer to assert such additional affirmative defenses in the future.

WHEREFORE, Plaintiff and Counterclaim Defendant RegaloRx, Inc. and Counterclaim Defendant James P. Mitchum pray that the Court enter judgment in Counterclaim Defendants' favor and dismiss all claims asserted by Defendant and Counterclaimant Alpha Scrip Incorporated against Counterclaim Defendants in their entirety and with prejudice; award Counterclaim Defendants their costs and disbursements incurred herein, including attorney's fees, and such other and further relief as this Court deems just and equitable under the circumstances.

Dated: November 9, 2026

Respectfully submitted,

LATHROP GPM LLP

By: */s/ Carrie E. Josserand*

Curtis L. Tideman KS #13433
Carrie E. Josserand KS #18893
Natalie M. Thomas KS #79368
2323 Grand Blvd, Suite 800
Kansas City, MO 64108
Telephone: 816.460.5872
carrie.josserand@lathropgpm.com
curtis.tideman@lathropgpm.com
natalie.thomas@lathropgpm.com

*Attorneys for Plaintiff and Counterclaim Defendant RegaloRx, Inc. and Counterclaim Defendant James P. Mitchum*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November, 2026, a copy of the above pleading was served via the District Court CM/ECF system on the following counsel of record:

Berkowitz Oliver, LLP
Lauren Tallent (KS Bar # 28490)
Carson M. Hinderks (KS Bar #25079)
2600 Grand Blvd, Suite 1200
Kansas City, MO 64108
Telephone: 816-627-0231
ltallent@berkowitzoliver.com
chinderks@berkowitzoliver.com

- and –

Squire Patton Boggs (US) LLP
Jonathan R. Mureen (TX Bar #24060313) (*Pro Hac Vice*)
2021 McKinney Avenue, Suite 200
Dallas, TX 75201
Telephone: 214-758-1500
Jon.mureen@squirepb.com

- and –

James M. Brennan (OH Bar #101670) (*Pro Hac Vice)*
1000 Key Tower
127 Public Square
Cleveland, OH 44114
Telephone: 216-479-8041
James.brennan@squirepb.com

ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIMANT

*/s/ Carrie E. Josserand*
An Attorney for Plaintiff and Counterclaim Defendant RegaloRx, Inc. and Counterclaim Defendant James P. Mitchum



96013010v2